Jake ADAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–99–00411–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 28, 2000.

Stephen C. Taylor, Galveston, TX, for appellants.

Phillip L. Hall, Huntsville, TX, for appellees.

Panel consists of Justices AMIDEI, ANDERSON and FROST.

## OPINION

AMIDEI, Justice.

Appellant Jake Adams was convicted by a jury of engaging in organized criminal activity to commit aggravated assault. *See* TEX.PEN.CODE ANN. § 71.02(a) (Vernon Supp.2000). The trial court sentenced appellant to thirty years in the Texas Department of Criminal Justice, Institutional Division. Adams appeals asserting four points of error: (1) the evidence was legally insufficient to support appellant's conviction for engaging in organized criminal activity because the evidence failed to prove that appellant acted with the intent to establish, maintain, or participate in a combination; (2) the evidence was legally insufficient to support appellant's conviction for engaging in organized criminal activity because the evidence failed to prove what overt act was performed by appellant; (3) the trial court erred in denying appellant's motion for an instructed verdict of not guilty to the charge of engaging in criminal activity; and (4) the trial court erred in improperly entering an affirmative finding of the use or exhibition of a deadly weapon. We find the evidence insufficient to sustain a conviction for organized criminal activity. Therefore, we reform the judgment to reflect a conviction for the lesser-included offense of aggravated assault and remand the cause for reassessment of punishment.

## BACKGROUND

Appellant lived with John Ballman and David Allen in New Waverly, Texas. On June 29, 1997, the three men talked about robbing someone. After the discussion, appellant brought a gun, and the three of them drove to Conroe, Texas, where Ballman and Allen went to work. After work, the three again made plans to rob someone and drove to a Jack in the Box restaurant in Willis, Texas. However, once there,

they decided not to rob anyone at that location and instead drove to a Diamond Shamrock store in New Waverly, Texas.

At the Diamond Shamrock, the three men spotted the complainant, Bobby Saxton, filling up his truck. They asked Saxton for a jump start in order to lure him away from the store. Saxton agreed to help. Appellant attached the jumper cables as Allen stood by the car. Shortly thereafter, Allen shot Saxton.

Saxton was able to run inside the Diamond Shamrock, where the store clerks called for help. Saxton was flown to Houston for emergency surgery. He suffered a collapsed lung and lost his spleen.

Appellant, John Ballman, and David Allen were each indicted on charges arising out of the assault on Saxton. They were tried separately. Appellant was charged with one count of engaging in organized criminal activity and one count of aggravated assault. Because the jury convicted appellant of the more serious charge of engaging in organized criminal activity, it did not reach the question on aggravated assault.

### LEGAL SUFFICIENCY

■ In his first and second points of error, appellant challenges the legal sufficiency of the evidence supporting his convictions for engaging in organized criminal activity. The question in a legal sufficiency challenge is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Staley v. State*, 887 S.W.2d 885, 888 (Tex.Crim. App.1994). Any inconsistencies in the evidence should be resolved in favor of the verdict. *See Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988).

A person commits the crime of engaging in organized criminal activity if, "with the intent to establish, maintain, or participate in a combination ..., he commits or conspires to commit one or more [enumerated offenses]." TEX.PEN.CODE ANN. § 71.02(a). Among the listed offenses is aggravated assault, the lesser-included offense with which appellant was charged. *See id.* § 71.02(a)(1). A "combination" is defined as "three or more persons who collaborate in carrying on criminal activities." *Id.* § 71.01(a) (Vernon Supp.2000).

■ The Court of Criminal Appeals held that the phrase "carrying on criminal activities" cannot be understood to include an agreement to jointly commit a single criminal act. *See Nguyen v. State*, 1 S.W.3d 694, 697 (Tex.Crim.App.1999). The State urges that the chain of events in this case constituted the "continuing course of criminal activities" required to prove that appellant participated in a combination. However, the Austin Court of Appeals wrote, "[t]he legislative history of the statute ... indicates that a 'combination' is more than a mere conspiracy or agreement to commit a single crime or engage in a single criminal episode." *See Nguyen v. State*, 977 S.W.2d 450, 455 (Tex. App.—Austin [3rd Dist.] 1998), *aff'd*, 1 S.W.3d 694. Thus, the statute includes an element of intended continuity, and the State must prove that the defendant acted with the required specific intent. *See id.* That is, the State must show that the defendant intended to " 'establish, maintain, or participate in' a group of three or more, in which the members intend to work together in a continuing course of criminal activities." *Nguyen*, 1 S.W.3d at 697.

■ In the present case, however, the evidence does not show that appellant intended to participate in a group that would

work together in a continuing course of criminal activities. Rather, much as in *Nguyen*, the case presents a series of actions that were all part of the same criminal episode. As in *Nguyen*, the State has not pointed to any evidence in the record to support a finding that there was an intent to form a combination that would carry on a continuing course of criminal activities beyond the single criminal episode involving the attack on Saxton. Under these circumstances, the mere fact that appellant and his co-defendants planned to rob someone and went to two locations in search of a victim does not give rise to a reasonable inference of an agreement as to continuity. Because the State has not proved the intent element of engaging in organized criminal activity, we hold that the evidence is legally insufficient to support his convictions of that crime. Nonetheless, the Court of Criminal Appeals recently stated that:

> a court of appeals may reform a judgment of conviction to reflect conviction of a lesser included offense ... if (1) the court finds that the evidence is insufficient to support conviction of the charged offense but sufficient to support conviction of the lesser included offense and (2) either the jury was instructed on the lesser included offense ... or one of the parties asked for but was denied such an instruction.

*Collier v. State*, 999 S.W.2d 779, 782 (Tex. Crim.App.1999) (plurality opinion). *See also Bigley v. State*, 831 S.W.2d 409 (Tex. App.—Austin 1992), *aff'd*, 865 S.W.2d 26 (Tex.Crim.App.1993). In the present case, the jury was instructed on the offense of aggravated assault in conjunction with the charge of engaging in organized criminal activity. The court's charge also asked separately whether appellant committed the offense of aggravated assault, but the jury did not reach that question in its deliberations because it convicted on the greater offenses of engaging in organized criminal activity. By convicting appellant of the greater offense, the jury necessarily found that he committed the lesser offense of aggravated assault. *See* TEX.PEN.CODE ANN. § 71.02(a).

■ The State has offered ample evidence that appellant, either as a principal or as a party, intentionally, knowingly, or recklessly threatened or caused bodily injury to Saxton, and that he knew that a deadly weapon would be used or exhibited during the commission of the assault. *See* TEX.PEN.CODE ANN. §§ 22.01, 22.02 (Vernon 1994 & Supp.2000). We therefore hold that the evidence is both legally and factually sufficient to support a conviction of aggravated assault.

## TRIAL COURT'S DENIAL OF AN INSTRUCTED VERDICT

By point of error three, appellant claims that the trial court erred in denying appellant's motion for an instructed verdict of not guilty to the charge of engaging in organized criminal activity. Because we have reversed his convictions for engaging in organized criminal activity, this issue is moot and we need not address it.

## AFFIRMATIVE FINDING

■ By point of error four, appellant asserts that the trial court erred in entering an affirmative finding of the use or exhibition of a deadly weapon. Generally, the trial court may properly enter an affirmative finding on the use of a deadly weapon when the indictment alleges the use of a deadly weapon, the weapon is deadly *per se*, or the jury affirmatively answers a special issue on the use of a deadly weapon. *See Polk v. State*, 693 S.W.2d 391, 394 (Tex.Crim.App.1985); *Skinner v. State*, 837 S.W.2d 718 (Tex. App.—Fort Worth 1992, pet. ref'd); *Weav-*

*er v. State,* 855 S.W.2d 116, 122 (Tex. App.—Houston [14th Dist.] 1993, no pet.); *but see Ex parte Franklin,* 757 S.W.2d 778 (Tex.Crim.App.1988). When the judge is the trier of fact at the punishment stage of the trial, he has the authority to make an affirmative finding if the facts show, and he believes, that the defendant himself used or exhibited a deadly weapon, even if the jury has not answered a special issue. *See Fann v. State,* 702 S.W.2d 602, 604 (Tex.Crim.App.1985) (opinion on reh'g); *Flores v. State,* 690 S.W.2d 281, 283 (Tex. Crim.App.1985). This is true even if the State did not reoffer the evidence adduced at the guilt/innocence stage, as long as the judge assessing punishment is the same judge who presided at trial. *See Tammi-nen v. State,* 653 S.W.2d 799, 802 (Tex. Crim.App.1983); *Wright v. State,* 468 S.W.2d 422, 425 (Tex.Crim.App.1971). However, when the jury is instructed on the law of the parties, the affirmative finding must show that *the appellant* used or exhibited the deadly weapon, *Flores,* 690 S.W.2d at 283 (emphasis in original), or that appellant *knew* that a deadly weapon would be used or exhibited. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3g(a)(2) (Vernon Supp.2000) (emphasis added).

■ Testimony during the guilt/innocence stage of the trial showed that appellant brought the weapon for the purpose of committing a robbery. Testimony also showed that appellant knew the weapon was in the car when he drove to New Waverly to commit the robbery. The jury convicted appellant based on a jury charge which included the law of parties. At the punishment phase of trial, appellant elected to have the judge assess his sentence. The judge found that "Jake Adams knew that a deadly weapon to wit: firearm would be used or exhibited during the offense," and entered the finding on a judgment form. Because the facts warranted this affirmative finding, it was within the trial judge's authority to enter such a finding. *See Flores,* 690 S.W.2d at 283. We overrule appellant's fourth point of error.

## CONCLUSION

We hold the State failed to prove an essential element of the offense of engaging in organized criminal activity: that appellant participated in a combination formed to engage in a continuing course of criminal activity. We find, however, ample evidence that appellant, either as a principal or a party, committed the offense of aggravated assault. We, therefore, reform the judgment of the trial court to reflect a conviction for aggravated assault.[1] As reformed, we affirm the conviction as to the adjudication of guilt.

The punishment assessed exceeds that authorized by section 12.33 of the Texas Penal Code. Therefore, we reverse that portion of the judgment assessing punishment and remand the cause to the court below for a new trial as to punishment. *See* TEX.CODE CRIM.PROC .ANN. art. 44.29(b) (Vernon 2000).

Accordingly, the judgment of the court below is reformed, and affirmed in part, as reformed, and reversed and remanded in part.

---

1. The courts of appeals may, where the evidence is legally insufficient to support the jury verdict, modify the trial court's judgment and render the judgment of the court below should have rendered. *See* TEX.R.APP.P. 43.2(b),(c).