# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00011-CR

**Bart Ross, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT NO. 0975343, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

A jury convicted appellant Bart Ross of two counts of engaging in organized criminal activity. On appeal, this Court found the evidence legally insufficient to sustain a conviction for that offense, rendered judgment convicting appellant of the lesser included offense of aggravated assault, and remanded the cause for resentencing. *Ross v. State*, 9 S.W.3d 878, 884 (Tex. App.—Austin 2000, pet. ref'd). On remand, the district court assessed punishment for each count of aggravated assault at imprisonment for seven years. The judgments (one for each count) reflect an affirmative finding that a deadly weapon was used in the commission of the offenses. Appellant asserts in a single point of error that the district court "ignored the clear mandate of the court of appeals and overstepped its authority when it entered a deadly weapon finding." We will overrule this contention and affirm.

Appellant argues that this cause was remanded solely for the purpose of conducting a new sentencing hearing, and that the district court exceeded the scope of the remand by rendering judgments of conviction when such judgments had already been rendered by this Court. Appellant urges in particular that the district court was not authorized to make the affirmative finding that a deadly weapon was used in the commission of the offenses. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp. 2001). Appellant contends that because "the trial court was only authorized to conduct a sentencing hearing and the deadly weapon issue had been submitted to the jury at the guilt-innocence phase, the trial court was without the authority to make a deadly weapon finding or 'interpret' this Court's opinion to hold that such a finding had been made by this Court."

"A judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant. The sentence served shall be based on the information contained in the judgment." Tex. Code Crim. Proc. Ann. art. 42.01, § 1 (West Supp. 2001). "The sentence is that part of the judgment . . . that orders that the punishment be carried into execution in the manner prescribed by law." *Id*. art. 42.02. In order to resentence appellant on remand, it was necessary for the district court to prepare new judgments. The new judgments reflect the convictions for aggravated assault rendered by this Court and the punishments imposed by the district court pursuant to our remand. As we understand appellant's argument, he does not question the district court's authority to prepare the new written judgments, but only its authority to cause the new judgments to recite that an affirmative finding was made.

A deadly weapon finding can be and is perhaps more suited to be a punishment issue. *Fann v. State*, 702 S.W.2d 602, 604-05 (Tex. Crim. App. 1986) (op. on reh'g); *see also Polk v. State*,

2

693 S.W.2d 391, 394 n.3 (Tex. Crim. App. 1985). When the trial court is the trier of fact at the punishment stage, the court has the authority to make an affirmative finding as to the use or exhibition of a deadly weapon if the jury has not decided the matter at the guilt stage. *Fann*, 702 S.W.2d at 604. As trier of fact at the sentencing hearing on remand, the district court did not exceed its authority by making the affirmative finding.[1]

The point of error is overruled and the judgments of conviction are affirmed.

_____

David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   August 30, 2001

Publish

_____

[1] It is undisputed that at the guilt stage of appellant's first trial, the jury affirmatively found that he used a deadly weapon in the commission of the offenses. The jury's finding was not disturbed by this Court's original opinion. In fact, this Court held that the State "offered ample evidence that appellant intentionally . . . threatened or caused bodily injury to [the victim], and that he used or exhibited a deadly weapon during the commission of the assault." *Ross v. State*, 9 S.W.3d 878, 883 (Tex. App.—Austin 2000, pet. ref'd); *see* Tex. Penal Code Ann. §§ 22.01(a)(1), (2); .02(a)(2) (West 1994 & Supp. 2001). Under the circumstances, this Court affirmatively found that a deadly weapon was used by appellant in the commission of the offense by rendering judgment of conviction for aggravated assault. *See Polk v. State*, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985).