Jose Medina v. State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-144-CR

     JOSE MEDINA,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 265th District Court
Dallas County, Texas
Trial Court # F99-02585
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      A jury convicted Jose Medina of possession of amphetamine with intent to deliver in an
amount of one gram or more but less than four grams. After making an affirmative deadly weapon
finding, the court sentenced him to thirty years’ imprisonment. Medina claims in four points that:
1) the evidence is insufficient to prove he was in possession of amphetamine; 2) the court erred
in making an affirmative deadly weapon finding; 3) the court erred by allowing a witness’s
testimony in contravention of his motion in limine; and 4) the jury committed misconduct by
considering evidence that the court had instructed it not to consider.
Background
      Medina and passenger Jessica Darnell were asked to leave “Club 2551" in Dallas, Texas in
April 1998. An eyewitness noticed Medina standing at his open trunk for a few minutes before
he drove away with Darnell. As Medina was driving past the club, he allegedly fired several shots
from a handgun into the air. Officers Campopiano and Grall stopped Medina and arrested him
for deadly conduct. During an inventory search of the car, the police located a loaded .40-caliber
Glock handgun and multiple shell casings on the floorboard of the car. The police also located
in the trunk two small bags containing a white powder inside an open safe, scales, a handgun
holster, and Vitamin B powder.


 The white powder tested positive for amphetamine.
Legal Sufficiency 
      Medina’s brief does not indicate whether he is challenging the legal or factual sufficiency of
the evidence. Counsel should clearly specify the type of sufficiency challenge being made and
state the applicable standard of review. See Brown v. State, 35 S.W.3d 183, 188 (Tex.
App.—Waco 2000, pet. granted). If counsel fails to do so, we may require re-briefing under Rule
of Appellate Procedure 38.9. See Tex. R. App. P. 38.9. However, if we are satisfied that the
briefing rules have not been flagrantly violated, we will construe the issue presented. The
argument and authorities presented in the brief may dictate whether an issue challenges the legal
or factual sufficiency of the evidence or both. See Purvis v. State, 4 S.W.3d 118, 120 (Tex.
App.—Waco 1999, no pet.). Otherwise, we will construe a general sufficiency challenge as a
challenge to only the legal sufficiency of the evidence. See Brown, 35 S.W.3d at 188.
      In Hoffman v. State, we concluded that the appellant's sufficiency point constituted a factual
sufficiency challenge because he requested reversal and remand in his discussion of the relief
required in the event of a favorable ruling on that point. 922 S.W.2d 663, 671 & n.6 (Tex.
App.—Waco 1996, pet. ref'd). Because Medina’s brief requests relief in the form of dismissal
on the sufficiency point, we construe Medina’s point to challenge the legal sufficiency only. See
Id.; See Brown, 35 S.W.3d at 188.
      We review a legal sufficiency challenge by considering the evidence in the light most
favorable to the verdict and ask whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. See Lacour v. State, 8 S.W.3d 670, 671 (Tex.
Crim. App. 2000) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L.
Ed. 2d 560 (1979)).
Affirmative Links
      In his first point, Medina argues that the evidence is insufficient to affirmatively link him to
the amphetamine found in the trunk of the car. He claims the State failed to introduce evidence
linking him to the car he was driving and to the safe where the amphetamine was located.
      The Health and Safety Code provides that a person commits an offense if the person
knowingly or intentionally possesses amphetamine with intent to deliver. See Tex. Health &
Safety Code Ann. §§ 481.103(a)(3), 481.113(a) (Vernon Supp. 2001). In order to establish the
unlawful possession of a controlled substance, the State must prove that the accused knowingly
possessed the contraband in question. See Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim.
App. 1995); Harris v. State, 994 S.W.2d 927, 933 (Tex. App.—Waco 1999, pet. ref’d). The state
accomplishes this task with “affirmative links” demonstrating he was conscious of his connection
with the controlled substance and knew what it was. Id. Affirmative links tend to establish “that
the accused’s connection with the contraband was more than just ‘fortuitous’” Harris, 994
S.W.2d at 993 (quoting Brown, 911 S.W.2d at 747). 
      Factors that may establish affirmative links between the accused and contraband include
whether: (1) the contraband was in plain view; (2) the contraband was conveniently accessible to
the accused; (3) the contraband was in a place owned by accused; (4) the contraband was in a car
driven by accused; (5) the contraband was found on the same side of the car as accused; (6) the
contraband was found in an enclosed space; (7) the odor of the contraband was present; (8)
paraphernalia to use the contraband was in view of or found on the accused; (9) conduct of the
accused indicated a consciousness of guilt; (10) the accused had a special relationship to the
contraband; (11) occupants of the automobile gave conflicting statements about relevant matters;
(12) the physical condition of the accused indicated recent consumption of the contraband found
in the car; and (13) affirmative statements connect the accused to the contraband. Hurtado v.
State, 881 S.W.2d 738, 745 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d.). The number of
factors present is not as important as the "logical force" or the degree to which the factors, alone
or in combination, tend affirmatively to link the accused to the contraband. See Whitworth v.
State, 808 S.W.2d 566, 569 (Tex. App.—Austin 1991, pet. ref'd).
      Ray Vasquez, manager of Club 2551, testified that after Medina was asked to leave the club
he went to a gold four-door sedan and opened the trunk. He further testified that Medina looked
inside the trunk for several minutes, closed the trunk, got in the car with Darnell and left the
scene. Vasquez testified that, as Medina was driving away, he fired several rounds from a
handgun into the air. The record reflects that Darnell owned the gold sedan Medina was driving.
Officer Grall testified that an inventory search of the trunk of the car produced several items,
including the amphetamine. Grall located an open safe and a holster for a semi-automatic handgun
in plain view on top of several articles of clothing. He could see several plastic bags and a soup
can with another plastic bag protruding from it inside the safe. Grall testified that the holster was
an exact match for the handgun found under the passenger seat of the car. 
      The record indicates that Medina initially opened the trunk where the amphetamine and drug
paraphernalia lay in plain view, and then drove the vehicle. Applying the affirmative links factors,
the record indicates that Medina: 1) exercised control over the trunk where the contraband was
located; 2) exercised control over the amphetamine by driving the car; 3) knew that the matter
possessed was amphetamine; and 4) viewed the paraphernalia. After reviewing this evidence in
the light most favorable to the verdict, we find the evidence is legally sufficient to affirmatively
link Medina to the amphetamine. Accordingly, point one is overruled.
Deadly Weapon Finding
       Medina claims in his second point that the evidence is insufficient to support the court’s
finding that he “used or exhibited” a deadly weapon. See Tex. Code Crim. Proc. Ann. art.
42.12 § 3g(a)(2) (Vernon Supp. 2001). He contends that his possession of a handgun is in no way
connected to the amphetamine found in the trunk of the car.
      When the judge is the trier of fact at the punishment stage of the trial, he has the authority to
make an affirmative finding if the facts show, and he believes, that the defendant himself used or
exhibited a deadly weapon, even if the jury has not answered a special issue. See Fann v. State,
702 S.W.2d 602, 604 (Tex. Crim. App.1985) (opinion on reh'g); Flores v. State, 690 S.W.2d
281, 283 (Tex. Crim. App.1985); Adams v. State, 40 S.W.3d 142, 146 (Tex. App.— Houston
[14th Dist.] 2000, pet. ref’d). Due course of law requires the State to give notice to an accused
of its intention to seek a deadly-weapon finding. See Ex parte Patterson, 740 S.W.2d 766, 776
(Tex. Crim. App. 1987); Jordan v. State, 1 S.W.3d 153, 158 (Tex. App.—Waco 1999, pet.
ref'd). "The State may give notice of its intent to seek a deadly weapon finding in one of two
ways: (1) by pleading the use or exhibition of a deadly weapon in the indictment; or (2) by filing
a separate pleading giving notice of such intent." Rachuig v. State, 972 S.W.2d 170, 177 (Tex.
App.—Waco 1998, pet. ref'd). Here, the State filed a separate pleading to give notice to Medina
of the intent to seek a deadly weapon finding.
      The offense of illegal possession of a controlled substance is susceptible to an affirmative
finding that the defendant used or exhibited a deadly weapon. See Patterson v. State, 769 S.W.2d
938, 941 (Tex. Crim. App. 1989). The term “used” extends to any employment of a deadly
weapon, even simple possession, if such possession facilitates the associated felony. Id. A deadly
weapon is “exhibited” where it is consciously displayed during the commission of the offense. 
Id. The Court of Criminal Appeals has stated that “one can ‘use’ a deadly weapon without
exhibiting it, but it is doubtful that one can exhibit a deadly weapon during the commission of a
felony without using it.” Id. A deadly weapon is “used” during the commission of the offense
of possession of contraband if it protects and facilitates the defendant’s care, custody, and
management of the contraband. Id.; see also Dimas v. State, 987 S.W.2d 152, 155 (Tex.
App.—Fort Worth 1999, pet. ref’d.).
      In this case, the police located a loaded handgun under the passenger seat of the automobile
which Medina was driving. The police also located a holster for a handgun near the amphetamine,
Vitamin B powder (cutting powder), and digital scales in the trunk of the car. Further, an
eyewitness saw Medina discharge the weapon. Viewing the evidence in the light most favorable
to the verdict, we find that the evidence is legally sufficient to support the court’s finding that the
handgun found under the passenger seat was used to facilitate Medina’s care, custody, and
management of the amphetamine as well as its distribution. See id.; Gale v. State, 998 S.W.2d
221, 225-26 (Tex. Crim. App. 1999). Point two is overruled.
Motion in Limine
      Medina argues in point three that the trial court improperly allowed Officer Grall to testify
about statements Medina made at the time of the arrest. The court granted Medina’s motion in
limine which prohibited any “alleged confession or statement of the defendant” without first
approaching the bench and obtaining a ruling as to their admissibility. During direct examination
of Officer Grall by the State, the following exchange took place:
Q: You didn’t make any effort to ask if the car was his or if it was here or anything like
that, correct?
 
A: I asked Mr. Medina about the car and they said it was their car. And he also made
mention that that was his wife.

      MR. HOWARD: Your honor, may we approach?

      THE COURT: Yes

            (At the bench, off the record)
 
THE COURT: Ladies and gentlemen, don’t consider the last portion of the officer’s
answer. The portion about his wife, don’t consider that.
      Medina argues that the court improperly allowed Officer Grall’s testimony. We disagree. 
The proper method of preserving error is objection and ruling by the court where testimony is
allegedly inadmissible or an answer is nonresponsive. See Tex. R. App. P. 33.1. In this case, we
find no objection by Medina on the record. Therefore, he has failed to preserve any error in the
admission of Officer Grall’s testimony. See Marin v. State, 851 S.W.2d 275, 278 (Tex. Crim.
App. 1993). Point three is overruled.
Jury Misconduct
      Medina argues in his fourth point that the jury improperly disregarded the trial judge’s
instruction not to consider Officer Grall’s testimony about Medina’s relationship with the
passenger of the car. Medina presented an affidavit from juror Christen Caudle in support of his
motion for new trial. Caudle states in an affidavit that the jury discussed testimony by Officer
Grall that the court specifically instructed them not to consider. Medina argues that Caudle’s
affidavit is sufficient proof of jury misconduct to warrant a new trial. We disagree.
      A motion for new trial based on jury misconduct must be supported by a juror's affidavit
alleging "outside influences" were brought to bear upon the jury. See Weaver v. Westchester Fire
Ins. Co., 739 S.W.2d 23, 24 (Tex.1987); Brantley v. State, 48 S.W.3d 318, 329 (Tex.
App.—Texarkana 1999, pet. ref’d.). Texas Rule of Evidence 606(b) states that “a juror may not
testify as to any matter or statement occurring during the jury’s deliberations.” Tex. R. Evid.
606(b). Rule 606(b) also prohibits any testimony of this nature from jurors by affidavit. Id. 
Under Rule 606(b), a juror may only testify: “1) whether any outside influence was improperly
brought to bear upon any juror; or 2) to rebut a claim that the juror was not qualified to serve.” 
Id. No “outside influence” or juror qualification issues are raised by Medina. Accordingly, we
find insufficient proof of juror misconduct to warrant a new trial. Point four is overruled.
      The judgment of the trial court is affirmed.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice


Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed December 5, 2001
Do not publish
[CRPM]



    Nonetheless, when the trial court sustains an objection and grants a request for an instruction
for the jury to disregard but denies the motion for mistrial, the issue becomes whether the trial
court erred in denying the mistrial. Carlock v. State, 8 S.W.3d 717, 723 (Tex. App.—Waco
2000, no pet.); Faulkner v. State, 940 S.W.2d 308, 312 (Tex. App.—Fort Worth 1997, pet.
ref’d). The trial court’s decision is error only if the argument is extreme, manifestly improper,
injects new and harmful facts into the case or violates a mandatory statutory provision and was
thus so inflammatory that its prejudicial effect cannot be reasonably removed from the minds of
the jury by an instruction to disregard. Carlock, 8 S.W.3d at 723; Washington v. State, 822
S.W.2d 110, 118 (Tex. App.—Waco 1991), rev’d on other grounds, 856 S.W.2d 184 (Tex. Crim.
App. 1993). See also Trent v. State, 925 S.W.2d 130, 133 (Tex. App.—Waco 1996, no pet.). 
      If the instruction cured any prejudicial effect


 caused by the improper argument, the reviewing
court should find that the trial court did not err. Carlock, 8 S.W.3d at 723-724. If the instruction
did not cure the prejudicial effect, error results, and the reviewing court proceeds with a harm
analysis. Id. at 724; Washington, 822 S.W.2d at 118. Although not expressly adopted as
exhaustive or definitive, the Court of Criminal Appeals has relied on the following factors to
determine whether an instruction to disregard cured the prejudicial effect:
      1.   The nature of the error;
      2.   The persistence of the prosecution in committing the error;
      3.   The flagrancy of the violation;
      4.   The particular instruction given;
      5.   The weight of the incriminating evidence; and
      6.   The harm to the accused as measured by the severity of the sentence.
Veteto v. State, 8 S.W.3d 805 (Tex. App.—Waco 2000, pet. ref’d). 
      Applying the foregoing factors to this case, any prejudice caused by the prosecution’s
argument was immediately cured by the trial court’s instruction. The prejudicial effect of the
argument was not of such a nature that it could not be cured by an instruction to disregard. The
jury was instructed to not consider the prosecution’s argument for any purpose. Furthermore, it
cannot be argued that the prosecution was persistent in committing the error because the argument
was only mentioned once. The argument was not so flagrant or offensive that the timely
instruction to disregard did not cure the prejudicial effect, if any. Thus, I conclude that the court’s
instruction was sufficient. I would overrule Ward’s second issue.
Conclusion
Having resolved both issues against Ward, I would affirm the judgment of the trial court. Because
the majority does not, I respectfully dissent.
 
                                                                   TOM GRAY

                                                                   Justice

 
Dissenting opinion delivered and filed on May 23, 2001

Publish