11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Thomas Lynn Brown

Appellant

Vs.                   No.  11-01-00333-CR B
Appeal from Dallas County

State of Texas

Appellee

 

The jury convicted appellant of aggravated
assault.[1]  The trial court found that appellant used or
exhibited a deadly weapon during the commission of the offense, found the
enhancement paragraph to be true, and assessed punishment at 40 years
confinement.  We affirm. 








In his second and third points of error, appellant
argues that the evidence is legally and factually  insufficient to prove that he committed aggravated assault by
using or exhibiting a deadly weapon. In his fifth, sixth, and seventh points of
error, appellant contends that the evidence is factually insufficient to prove
that he intentionally, knowingly, or recklessly caused serious bodily injury to
the victim.  In reviewing claims of
legal sufficiency, this court follows the standards set out in Jackson v. Virginia,
443 U.S. 307 (1979); Johnson v. State, 23 S.W.3d 1 (Tex.Cr.App.2000); and  Clewis v. State, 922 S.W.2d 126
(Tex.Cr.App.1996).  We review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  In deciding
whether the evidence is factually sufficient to support the conviction, we
review all of the evidence in a neutral light favoring neither party to
determine if the verdict is so against the great weight of the evidence as to
be clearly wrong and unjust.  Johnson v.
State, supra; Clewis v. State, supra. 
We review the fact finder=s
weighing of the evidence and cannot substitute our judgment for that of the
fact finder.  Cain v. State, 958 S.W.2d
404 (Tex.Cr.App.1997); Clewis v. State, supra. 
Due deference must be given to the jury=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson v. State, supra;
Jones v. State, 944 S.W.2d 642 (Tex.Cr.App.1996), cert. den=d, 522 U.S. 832
(1997).  This court has the authority to
disagree with the fact finder=s
determination Aonly
when the record clearly indicates such a step is necessary to arrest the
occurrence of a manifest injustice.@  Johnson v. State, supra at 9.

Officer Townsend Howard with the Dallas Police
Department testified that on April 4, 2001, he, Officer Troy Klinglesmith, and
Officer Ruff went to a residence in Dallas to execute an arrest warrant for
appellant.  Officer Howard and Officer
Ruff knocked on the front door of the residence, and Officer Klinglesmith went
to the back of the residence.  Officer
Klinglesmith saw appellant running on the other side of the street.  Officer Howard and Officer Ruff began
chasing appellant on foot.  Officer
Howard stated that appellant ran to a utility truck, that the utility truck was
running, and that appellant got in the utility truck. Officer Howard yelled for
appellant to Alook up@ because there was a person
inside the bucket of the utility truck. 
Appellant then looked at Officer Howard, and Officer Howard pointed up
to the bucket of the truck.  Officer
Howard testified that appellant drove off in the utility truck at a high rate
of speed and in a Areckless
manner.@ 

Kenneth R. Henry testified that he worked for
AT&T as a Aline tech.@  Henry stated that he worked in a truck equipped with a boom and a
bucket.  Henry testified that, on April
4, he was 30 feet in the air in the bucket of his truck working when appellant
walked by.  Appellant and Henry made eye
contact and Anodded@ at each other.  Sometime later, Henry had moved his truck
and was again up in the bucket when he saw appellant approaching the
truck.  Henry testified that he hollered
at appellant when appellant got into the truck, but that appellant just drove
away.  Henry said that appellant was
driving Acrazy and
fast,@ and  Henry feared for his life.  Henry testified that he saw that appellant
was going to hit a pole, and Henry squatted down in the bucket of the truck
pulling down his hard hat.  Henry heard
a loud crash and then fell out of the bucket into the middle of the concrete
street.  Appellant did not stop but
continued driving in the truck. 








Henry never lost consciousness and was transported
by ambulance to Baylor Hospital.  Henry
testified that he suffered a broken wrist, broken pelvic bone, a bruised
shoulder, broken ribs, lung fracture, and a torn spine as a result of falling
from the bucket of the truck.  Henry
stated that he was in the hospital for almost a month and that, after being
released, he could not walk for another week. 
 Officer Klinglesmith testified
that he pursued appellant in his vehicle while the other officers chased appellant
on foot.  Officer Klinglesmith followed
appellant as he drove the utility truck with Henry in the bucket.  Officer Klinglesmith saw Henry fall from the
bucket and hit the ground.  Officer
Klinglesmith testified that he called for an ambulance and then continued
following appellant because another officer was behind him to assist
Henry.  Appellant wrecked the truck, got
out, and started running.  Officer
Klinglesmith chased appellant, and appellant laid down on his stomach and
allowed Officer Klinglesmith to handcuff him. 
Officer Klinglesmith stated that appellant questioned him about the
warrant for his arrest, and Officer Klinglesmith responded that Athat=s the least of your problems.  You better hope that guy lives.@  Appellant then asked how badly Henry was hurt and other questions
about Henry=s
condition. 

Appellant testified that he saw Officer Howard
coming and that he started running because he knew that there was an
outstanding warrant for him.  Appellant
said that the officer was hollering at him to get him to stop.  Appellant saw the utility truck, jumped in,
and drove away.  Appellant testified
that he did not see Henry in the bucket of the truck and that he did not hear
Henry yell at him.  Appellant stated
that he heard Officer Howard yelling at him but that he did not know what
Officer Howard was saying.  Appellant
further testified that he did not hear the sirens from the police cars.  Appellant said that, at some point, he
probably hit a pole and wrecked the truck. 
Appellant got out of the truck, and an officer chased him.  Appellant surrendered to the police and was
arrested.  Appellant said that he asked
the officer why he was being arrested and that the officer told him that he
should be worried about the man in the bucket. 
Appellant testified that he was unaware that someone was in the bucket
until the officer informed him. 
Appellant then asked the officer about the condition of the man in the
bucket. 








Appellant contends in his second and third points
of error that the evidence is legally and factually insufficient to show that
he used a deadly weapon during the commission of the offense because he used
the utility truck for the sole purpose of fleeing from the police.  A deadly weapon means Aanything that in the manner
of its use or intended use is capable of causing death or serious bodily
injury.@  TEX. PENAL CODE ANN. ' 1.07(a)(17)(B) (Vernon 1994).  The statute does not require a defendant to
actually intend to cause death or serious bodily injury; rather, an object is a
deadly weapon if a defendant intends a use of the object in which it would be
capable of causing death or serious bodily injury.  McCain v. State, 22 S.W.3d 497, 503 (Tex.Cr.App.2000).

The record shows that the boom of the utility
truck was raised at the time appellant drove off in it and that Henry was in
the bucket of the truck 30 feet in the air. The jury heard evidence that
appellant drove the utility truck at a high rate of speed in a reckless manner
while attempting to flee from the police. 
Although appellant testified that he did not know Henry was in the
bucket of the truck, the jury heard testimony that Officer Howard yelled at
appellant and pointed up to the bucket. 
Also, Henry testified that he and appellant made eye contact while he
was in the bucket and that he yelled at appellant from the bucket.  Henry stated that he believed that appellant
heard him yell from the bucket.  
Officer Klinglesmith stated that, in his opinion, appellant=s statements after being
arrested proved that appellant was aware Henry was in the bucket.  Viewing all of the evidence in a light most
favorable to the verdict, we find that a rational trier of fact could have
found that appellant used the utility truck in a manner in which it would be
capable of causing death or serious bodily injury.  We do not find that the verdict is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.  Clewis v. State, supra.  Appellant=s
second and third points of error are overruled. 

In his fifth, sixth, and seventh points of error,
appellant complains that the evidence is factually insufficient to show that he
intentionally, knowingly, or recklessly caused serious bodily injury to
Henry.  A person acts intentionally when
it is his Aconscious
objective or desire to engage in the conduct or cause the result.@  TEX. PENAL CODE ANN. '
6.03(a) (Vernon 1994).  A person acts
knowingly when he is Aaware
that his conduct is reasonably certain to cause the result.@  TEX. PENAL CODE ANN. '
6.03(b) (Vernon 1994).  A person acts
recklessly when he is:

[A]ware
of but consciously disregards a substantial and unjustifiable risk that the
circumstances exist or the result will occur. 
The risk must be of such a nature and degree that its disregard
constitutes a gross deviation from the standard of care that an ordinary person
would exercise under all the circumstances as viewed from the actor=s standpoint. 

 

TEX. PENAL CODE ANN. '
6.03(c) (Vernon 1994).  A person commits
aggravated assault if he acts either intentionally, knowingly, or
recklessly.  TEX. PENAL CODE ANN. '' 22.01(a)(1) &
22.02(a) (Vernon 1994 & Supp. 2002). 









The jury heard evidence that appellant drove the
utility truck at a high rate of speed while fleeing from the police.  There was evidence that appellant was aware
that Henry was in the bucket of the truck which was extended 30 feet in the
air. We do not find that the verdict is so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust.  Clewis v. State, supra. 
Appellant=s
fifth, sixth, and seventh points of error are overruled.

In his first point of error, appellant contends
that the trial court erred in charging the jury on the definition of reasonable
doubt as set out in Geesa v. State, 820 S.W.2d 154 (Tex.Cr.App.1991).  In Geesa, the Court of Criminal
Appeals held that the following definition of reasonable doubt shall be
submitted to the jury in all criminal cases: 

A Areasonable
doubt@ is a doubt
based on reason and common sense after a careful and impartial consideration of
all the evidence in the case.  It is the
kind of doubt that would make a reasonable person hesitate to act in the most
important of his own affairs.  

 

Proof beyond a reasonable doubt, therefore, must
be proof of such a convincing character that you would be willing to rely and
act upon it without hesitation in the most important of your own affairs. 

 

Geesa v. State, supra at 162. 
The trial court included the Geesa definition of reasonable doubt
in its charge to the jury.

In Paulson v. State, 28 S.W.3d 570
(Tex.Cr.App.2000), the court overruled Geesa to the extent that it
required trial courts to instruct juries on the definition of reasonable
doubt.  The court stated that Athe better practice is to
give no definition of reasonable doubt at all to the jury.@  Paulson v. State, supra at 573. 
The court found that it would not be reversible error to include the
definition if both parties agreed to provide it.  Paulson v. State, supra at 573. 


Appellant argues that, because the trial court
included the Geesa definition of reasonable doubt and because the
parties did not agree to submit the definition to the jury, the trial court
committed reversible error in including the instruction.  We disagree.  








Although Paulson no longer requires the
trial court to define reasonable doubt and, in fact, discourages trial courts
from doing so, we find that it was not error to include the definition in this
case.  Dooley v. State, 65 S.W.3d 840
(Tex.App. - Dallas 2002, pet=n
ref=d).[2]  Moreover, we note that appellant did not
object to the trial court=s
inclusion of the Geesa definition of reasonable doubt. Almanza v. State,
686 S.W.2d 157 (Tex.Cr.App.1985). 
Therefore, assuming without agreeing that it was error to include the
definition, appellant has not shown that he suffered egregious harm as a result
of any error.  Almanza v. State,
supra.  Appellant=s first point of error is overruled.

In his fourth point of error, appellant complains
that the trial court erred in entering a deadly weapon finding in the
judgment.  The indictment alleges two
theories of aggravated assault.  The
first paragraph alleges that appellant did, Aintentionally,
knowingly, and recklessly cause bodily injury to [the victim]...and said
defendant did use and exhibit a deadly weapon to-wit: a utility vehicle, during
the commission of the assault.@  The second paragraph states that appellant
did Aintentionally,
knowingly and recklessly cause serious bodily injury to [the victim] by
operating a utility vehicle, a deadly weapon...and causing [the victim] to fall
with and against the ground.@  The charge authorized the jury to convict
appellant on either of the two theories alleged in the indictment.  The jury returned a general verdict finding
appellant Aguilty as
charged in the indictment.@  The trial court assessed punishment and
entered a deadly weapon finding.








Appellant argues that the jury as the trier of
fact was responsible for making a deadly weapon finding and that, because the
jury entered a general verdict, there was no express finding by the jury  that appellant used a deadly weapon.  Generally, the trial court may properly
enter an affirmative finding on the use of a deadly weapon when the indictment
alleges the use of a deadly weapon, the weapon is deadly per se, or the jury
affirmatively answers a special issue on the use of a deadly weapon.  Polk v. State, 693 S.W.2d 391, 394
(Tex.Cr.App.1985); Adams v. State, 40 S.W.3d 142 (Tex.App. ‑ Houston
[14th Dist.] 2000, pet=n
ref=d).  When it is the trier of fact at the
punishment stage of the trial, the trial court has the authority to make an
affirmative finding if the facts show, and it believes, that the defendant used
or exhibited a deadly weapon, even if the jury has not answered a special
issue.   Fann v. State, 702 S.W.2d 602,
604 (Tex.Cr.App.1985); Flores v. State, 690 S.W.2d 281, 283 (Tex.Cr.App.1985);
Adams v. State, supra.  This is true
even if the State did not re-offer the evidence adduced at the guilt/innocence
stage, as long as the judge assessing punishment is the same judge who presided
at trial.  See  Tamminen v. State, 653 S.W.2d 799, 802 (Tex.Cr.App.1983); Wright
v. State, 468 S.W.2d 422, 425 (Tex.Cr.App.1971); Adams v. State, supra.  

Both paragraphs of the indictment allege that
appellant used a deadly weapon, the utility truck, in committing the
offense.  The jury found appellant
guilty as charged in the indictment.  We
found in addressing Points of Error Nos. 2 and 3, that the evidence is legally
and factually sufficient to show that appellant used a deadly weapon in
committing aggravated assault.  The
trial court was  authorized to enter the
deadly weapon finding because the evidence supported the finding.  Adams v. State, supra.  Appellant=s
fourth point of error is overruled.

In his eighth point of error, appellant argues
that the trial court erred in Afailing
to properly limit the relevant conduct elements in the jury charge.@  In its charge to the jury, the trial court instructed the jury
that:

A person acts recklessly, with respect to
circumstances surrounding his conduct or the result of his conduct when he is
aware of but consciously disregards a substantial and unjustifiable risk that
the circumstances exist or the result will occur. 

 

Appellant contends that the instruction was erroneous because it
defined the culpable mental state of reckless in terms of both result of
conduct and circumstances surrounding conduct. 
Appellant did not object to the jury charge; therefore, any error must
be so egregious that appellant did not receive a fair and impartial trial.  Almanza v. State, supra.  

Viewing the entire jury charge, the trial court
instructed the jury in the application paragraphs to convict appellant if it
found that appellant intentionally, knowingly, or recklessly caused the injury
to Henry.  The application paragraph did
not include the language on the circumstances surrounding the conduct. The
instruction limited any overbroad language in the definition portion of the
charge.   Hughes v. State, 897 S.W.2d
285, 295 (Tex.Cr.App.1994), cert. den'd,  514 U.S. 1112 (1995); 
Delgado v. State, 944 S.W.2d 497 (Tex.App. ‑ Houston [14th  Dist.] 1997, pet=n ref=d).  We find that appellant did not suffer
egregious harm as a result of the trial court=s
definition of reckless.  Appellant=s eighth point of error is
overruled.








The judgment of the trial court is affirmed. 

 

W. G. ARNOT, III

CHIEF JUSTICE

 

August 15, 2002

Publish.  See TEX.R.APP.P.
47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











[1]In Cause No. 11-01-00334-CR, the jury convicted
appellant of theft.  The two causes were
tried together, and appellant appeals from both of the convictions.  Our opinion in Cause No. 11-01-00334-CR is
issued this same day.





[2]We note that in Colbert v. State, 56 S.W.3d 857
(Tex.App. - Corpus Christi 2001, pet=n
granted), the court held that it was reversible error to give the Geesa
definition of reasonable doubt if the parties do not agree to provide the
definition.  In Phillips v. State, 72
S.W.3d 719 (Tex.App. - Waco 2002, no pet=n),
and Rodriguez v. State,       S.W.3d      (No.
03-01-00573-CR, Tex.App. - Austin, July 26, 2002, no pet=n h.), the trial courts gave a portion of the Geesa
definition of reasonable doubt over the defendants= objections.  In
both cases, the court of appeals found that it was error to include the
definition over objection but found the error harmless.