Affirmed and Opinion filed October 10, 2002









Affirmed
and Opinion filed October 10, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-01147-CR

____________

 

IAN SMITH a/k/a MICHAEL COPELAND, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 672,947

 



 

O P I N I O N

Appellant, Ian Smith, was charged by indictment with the
felony offense of illegal investment.  He
was subsequently convicted by a jury and sentenced by the trial court to 25
years’ confinement and a fine of $50,000. 
In one point of error, appellant contends the trial court erred in
entering on the judgment an affirmative finding of the use or exhibition of a
deadly weapon.  We affirm.








In August of 1993, appellant and his co-defendant met two
undercover narcotics officers, Officer DeBlanc and Officer Arista, for the
purpose of purchasing 150 pounds of marihuana for $96,000, in the parking lot
of a shopping mall in Harris County. 
DeBlanc had 15 pounds of “flash” marihuana for appellant to
examine.  As appellant examined the
marihuana, DeBlanc and Arista noticed a bulge in appellant’s t-shirt.  Arista further observed the end of a
semi-automatic pistol sticking out of appellant’s t-shirt.  

Appellant then said the marihuana looked “good” and showed
the officers a canvas bag that appeared to contain $96,000.  DeBlanc gave the “bust” signal notifying the
other officers to arrest appellant.  As
the officers approached, appellant ran through the parking lot, toward
Bissonnet and the Southwest Freeway. 
During the chase, Sergeant Miller saw appellant reach toward his
waistband under his t-shirt, pull out a weapon and throw it to the ground.  Miller retrieved the weapon and discovered it
was loaded.

In his sole issue on appeal, appellant contends the evidence
is legally insufficient to support the trial court=s affirmative finding of the use or
exhibition of a deadly weapon.  In
evaluating a legal sufficiency challenge, we view the evidence in the light
most favorable to the verdict.  Weightman
v. State, 975 S.W.2d 621, 624 (Tex. Crim. App. 1998).  Therefore, if any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt,
we must affirm.  McDuff v. State,
939 S.W.2d 607, 614 (Tex. Crim. App. 1997). 
Thus, this court must determine whether a rational trier of fact could
find beyond a reasonable doubt that the visible possession of a weapon “facilitated”
appellant=s delivery of a controlled substance.

A deadly weapon is “used” when it is employed or utilized to
achieve its purpose and is “exhibited” if it is consciously shown or displayed
during the commission of an offense.  Patterson
v. State, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989).  “Use” refers to any employment of a deadly
weapon, even by simple possession if that possession facilitates the
underlying felony.  Id.








Appellant, citing Ex parte Petty, 833 S.W.2d 145
(Tex. Crim. App. 1992), contends he did not use or exhibit a weapon, but only
possessed it.  In Petty, the
defendant was convicted of unlawful possession of a firearm by a felon.  The trial court made an affirmative finding
of the use or exhibition of a deadly weapon. 
The Court of Criminal Appeals reformed the judgment and deleted the
affirmative finding.  The court held that
mere possession of a deadly weapon will not support an affirmative finding of a
deadly weapon unless the possession facilitated the commission of the associated
felony.  Id.  Where the gravamen of the offense is
possession of a deadly weapon, it cannot logically be facilitated by the
offense itself.  Thus, Petty is
distinguishable from the case presented here.

Here, the associated felony was illegal
investment in unlawful contraband. 
Accordingly, the issue presented is whether appellant’s possession of a
firearm facilitated his illegal investment, i.e., his purchase of narcotics.

The Court of Criminal Appeals held in Patterson
that mere possession of a firearm arguably facilitated the defendant’s
possession of illegal contraband.  In
that case, police obtained a search warrant for the defendant’s home.  They knocked on his door and seconds later
kicked it in.  769 S.W.2d at 939.  The defendant was on the couch with a gun
boot next to him.  Id.  As an officer approached him, he stated, “I
have a gun right here, but I=m not going to touch it.”  Id. 
Patterson had a firearm between his left leg and the end of the
sofa.  Id.  A subsequent search revealed contraband and
$905 in cash.  Id.  The court determined that a “rational trier
of fact could find that [Patterson] ‘used’ the firearm during the commission of
the felony offense of possessing the contraband, in a sense that the firearm
protected and facilitated appellant=s care, custody, and
management of the contraband.”  Id.
 at 942.








We find appellant used his weapon in a similar
manner here.  In other words, a rational
trier of fact could determine that appellant “used” a weapon to protect his
cash and  to facilitate a narcotics
purchase.  DeBlanc testified that he
negotiated the sale of 150 pounds of marihuana to appellant for $96,000 and
during the transaction appellant tried to move the transaction to a different
location.  Appellant had a canvas bag
with him that contained only $12,000 and cut paper that looked like money.  Thus, Officer DeBlanc suspected that appellant
planned to pay less than what he bargained for. 
Although appellant did not actually have the contraband in his
possession at the time he possessed the firearm, a trier of fact could
rationally determine that the weapon protected his interest in either
purchasing or taking the narcotics, and, thus “using” the firearm in the
underlying felony.  

Appellant further argues that the trial court
could not make an affirmative finding because a special issue was not presented
to the jury.  We disagree.  When the trial court is the trier of fact at
the punishment stage, as it was here, the court has the authority to make an
affirmative finding as to the use or exhibition of a deadly weapon even if the
jury has not answered a special issue.  Ross
v. State, 59 S.W.3d 754, 756 (Tex. App.CAustin 2001, pet. ref’d);  Adams v. State, 40 S.W.3d 142, 146 (Tex.
App.CHouston [14th Dist.]
2000, pet. ref’d).

We conclude that any reasonable fact finder could
have found that appellant used or exhibited a firearm during the underlying
felony beyond a reasonable doubt.  Thus,
we hold the evidence is legally sufficient to support an affirmative finding of
a deadly weapon.  Appellant’s sole issue
is overruled.  

We affirm the trial court=s judgment.  

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

Judgment
rendered and Opinion filed October 10, 2002.

Panel
consists of Chief Justice Brister and Justices Hudson and Fowler.

Do
Not Publish C Tex. R. App. P. 47.3(b).