2) Caption, civil cases



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



MELISSA GALE HARRIS,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-01-00426-CR



Appeal from the


282nd District Court


of Dallas County, Texas 


(TC# F-0016538-MS) 



MEMORANDUM OPINION


 Melissa Gale Harris appeals her conviction for criminally negligent homicide. We
affirm.

Facts

 On August 26, 2000, at 6:30 a.m., a car driven by Melissa Gale Harris collided
with a motorcycle driven by Stan Saunders at the intersection of Josey Lane and Keller
Springs in Dallas County, Texas. As Saunders rolled off the bike and into the street, the
car ran over him. Saunders died as a result. When the police arrived, Harris was in her
car in a state of shock.

 The evidence suggests that Harris went through a red light. She may have been
exceeding the 40 mile per hour speed limit. There is no indication that she applied her
brakes. It was not raining on that day, but it was still dark at the time of the accident. 
The traffic lights appear to have been working properly, such that Saunders and Harris
would not have both been proceeding into the intersection with a green light. Officer
Leonard Clemens, an accident reconstructionist for the City of Carrollton Police
Department, concluded from his examination of the accident scene that " Saunders did
not do anything at all that contributed to this accident."

 Entered into evidence before the jury was testimony that Harris has a prior offense
on her record at the Driver Records Bureau of the Texas Department of Public Safety for
running a red light the year before on April 16, 1999.

 Harris was convicted of criminally negligent homicide by a jury. She elected to
have the judge assess punishment in her case. After taking judicial notice of the
proceedings at the guilt/innocence stage of a trial and listening to testimony at the
punishment phase from Officer Clemens that, in his opinion, Harris used or exhibited the
automobile as a deadly weapon capable of causing death and or serious bodily injury, the
judge made an affirmative finding that Harris had used a deadly weapon. This finding
increased the punishment range from that of a state jail felony to that of a third-degree
felony. Accordingly, the judge sentenced Harris to five years' confinement and to pay a
$100 fine.

No error in judge making deadly weapon finding here

 Harris's sole point of error on appeal is that the trial court's enhancement of her
punishment from the state jail felony range to the third-degree penalty range violated her
due process rights under the Fifth, Sixth, and Fourteenth Amendments of the United
States Constitution. We cannot agree.

 Her argument is premised solely on the United States Supreme Court decision of
Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and the
citation in that case to United States v. Gaudin, 515 U.S. 506, 510, 115 S.Ct. 2310, 132
L.Ed.2d 444 (1995). Harris makes no challenge to the sufficiency of the evidence leading
to the deadly weapon finding or to the potential incongruity between the crime as alleged
and the finding of the use of an automobile as a deadly weapon when the automobile is
not per se a deadly weapon, so those matters are beyond the scope of review requested of
this Court in this case.

 The original indictment filed on October 17, 2000, contained an allegation that the
vehicle driven by Harris was a deadly weapon. On September 4, 2001, the State filed a
Notice of the State's Special Plea of Use or Exhibition of a Deadly Weapon. Days before
the trial began, on September 6, 2001, the State file a motion to strike the words in the
indictment regarding the deadly weapon, but explicitly stated "this motion in no way
revokes the right for the State to still seek a deadly weapon finding as filed on September
4, 2001, in a separate deadly weapon notice." That motion was granted by the trial court. 

 This approach of not listing the deadly weapon in an indictment, but giving notice
that an affirmative finding will be sought in the punishment phase is within the accepted
practice in Texas so long as proper notice allows the defendant to prepare an appropriate
defense to the allegation. Sanders v. State, 963 S.W.2d 184, 187-88 (Tex. App.--Corpus
Christi 1998, pet. ref'd) (citing Ex parte Patterson, 740 S.W.2d 766, 775 (Tex. Crim.
App. 1987), overruled on other grounds by Ex parte Beck, 769 S.W.2d 525, 528 (Tex.
Crim. App. 1989)). "While it is not necessary such notice be contained in the indictment,
it must be in writing and reasonably calculated to inform the defendant the use of a
'deadly weapon will be a fact issue at the time of prosecution.'" Sanders, 963 S.W.2d at
188 (citing Ex parte Beck, 769 S.W.2d at 526). This notice was clearly given by the
September 6 notice filing.

 The effect of a deadly weapon finding increases the punishment range for a state
jail felony such as criminally negligent homicide to that of a third-degree felony. The
statute under which Harris was indicted and convicted is itself a state jail felony.

 § 19.05. Criminally Negligent Homicide


 (a) A person commits an offense if he causes the death of an individual by
criminal negligence.


 (b) An offense under this section is a state jail felony.


Tex. Penal Code Ann. § 19.05 (Vernon 2003). The punishment range for a state jail
felony is confinement in a state jail for a period of 180 days to two years and a fine not to
exceed $10,000. Tex. Penal Code Ann. § 12.35(a), (b) (Vernon 2003). However, if the
trial court makes a deadly weapon finding in accordance with the definition in section
1.07 of the Texas Penal Code, then the state jail felony shall be punished as a third-degree
felony. Tex. Penal Code Ann. § 12.35(c) (Vernon 2003). This increases the applicable
punishment range to imprisonment in the institutional division for a period of two to ten
years, and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.34 (Vernon 2003). 
The conviction itself is still considered to be a state jail felony despite the enhanced
punishment range applied.

 Appellant asks this Court to reverse the judgment on punishment by the trial court
and remand the case for a new hearing. The Supreme Court held that "Other than the fact
of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed
statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. 
. . . It is unconstitutional for a legislature to remove from the jury the assessment of facts
that increase the prescribed range of penalties to which a criminal defendant is exposed." 
Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362-63. The argument is somewhat misplaced
when seen in the context of Apprendi. The New Jersey hate crime statute at issue in
Apprendi allowed a jury to convict a defendant of a second-degree offense based on its
finding beyond a reasonable doubt that the defendant unlawfully possessed a prohibited
weapon; after a subsequent and separate proceeding, it then allowed a judge to make a
factual determination that the defendant's purpose for possessing the weapon was to
intimidate his victim on the basis of a particular characteristic that the victim possessed,
based on the preponderance of evidence, which would increase the maximum sentence of
a defendant that could be imposed by the judge to the level New Jersey provides for
crimes of the first degree. Id. at 491, at 2363. Harris's case presents no such denial of a
right to jury determination of an issue or lower standard of proof for enhancement.

 In Texas, criminal cases generally proceed as bifurcated trials whereby the guilt or
innocence of a defendant is considered and determined prior to the assessment of
punishment. Tex. Code Crim. Proc. Ann. art. 37.07, § 2(a) (Vernon Supp. 2003). A
defendant, under this scheme, has a clear right to a jury in both the guilt/innocence and
punishment segments of the trial. Id. Unlike the defendant in the Apprendi case, Harris
chose to forgo her right to a jury in the punishment phase of her trial. She and her trial
counsel both signed the election form after the deadly weapon language was removed
from the indictment and the notice by the State to seek a special plea on the deadly
weapon issue was filed. Constitutionally protected rights may be waived if done so
knowingly, intelligently, voluntarily, and expressly. Tex. Code Crim. Proc. Ann. art.
1.13 (Vernon Supp. 2003); see Meek v. State, 851 S.W.2d 868, 869-70 (Tex. Crim. App.
1993); Guillett v. State, 677 S.W.2d 46, 49 (Tex. Crim. App. 1984). Thus, the trier of fact
in the portion of her trial where a deadly weapon was at issue was, by her own election,
the judge.

 As Texas law allows a deadly weapon finding to be made in the punishment phase,
the trier of fact for that phase must necessarily be authorized to make that factual finding. 
A deadly weapon finding is certainly an appropriate punishment issue. Ross v. State, 59
S.W.3d 754, 756 (Tex. App.--Austin 2001, no pet.) (citing Fann v. State, 702 S.W.2d
602, 604-05 (Tex. Crim. App. 1986)). Here, Harris elected with full notice of the State's
intent, to have that trier of fact be the judge of the trial court. The judge, after
considering the evidence, found that in this instance the automobile driven by Harris was
a deadly weapon, thus increasing the range of punishment for the state jail felony of
criminally negligent homicide to that of a third-degree felony. Harris does not challenge
the legal or factual sufficiency of this finding. The sole point of error is overruled.

Conclusion

 The conviction is affirmed.


 SUSAN LARSEN, Justice

March 20, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)