NUMBERS 13-00-403-CR & 13-00-404-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________

DERORY DEWAYNE COLBERT, Appellant,

v.


THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 4th District Court of Dallas County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Yañez




Derory Dewayne Colbert, appellant, challenges his convictions of one count of murder and one count of aggravated assault.
(1) We reverse and remand. 

Background

On April 18, 1999, Nicholas Melvin, Garner Jordan, Eddie Beasley, and Keith Laury drove to a convenience store to buy
cigars. All four individuals entered the store, but Melvin and Jordan left the store before Beasley and Laury and reentered
Melvin's vehicle. Melvin sat in the driver's seat of the car and Jordan sat in the right side of the back seat. Laury testified
that, while inside the convenience store, he and Beasley had engaged in a confrontation with a man that left the store before
they did. When Laury and Beasley came out of the store, a man (2) along with a crowd from a carwash across the street,
approached them asking Laury if he had caused any problems inside the store. Laury told the man that approached him that
there had not been any problems. Beasley, on the other hand, attempted to avoid the crowd but was struck by someone
when he tried to enter Melvin's car. Beasley responded by defending himself, then he and Laury entered the car. After
Laury and Beasley got back in the car, Melvin, the driver of the car, immediately attempted to back out of the convenience
store. Katrina Jones, an acquaintance of appellant, testified that as Melvin drove away appellant fired a handgun. (3) A
bullet struck Melvin in the chest and arm. Jordan was also shot and killed by a bullet wound to the chest. 

Appellant was tried before a jury and convicted of one count of murder and one count of aggravated assault. Punishment
was assessed at confinement in the Texas Department of Criminal Justice Institutional Division for forty-five years and a
fine of $10,000.00 for the murder offense, and twenty years and a $10,000.00 fine for the offense of aggravated assault.
Because these two cause numbers were tried together and involve the same set of operative facts, we will address them
with one opinion. Appellant raises two points of error, both challenging the jury charge. Appellant's first point of error is
that the trial court committed reversible error by including a definition of "reasonable doubt" in the jury instructions during
the guilt/innocence phase of the trial. Appellant's second point of error is that the instruction on parole and good time
credit included in the jury charge at the punishment phase of the trial was error. 

Standard of Review

The function of the jury charge is to instruct the jury on the law applicable to the case. Dinkins v. State, 894 S.W.2d 330,
338 (Tex. Crim. App. 1995); Escobar v. State, 28 S.W.3d 767, 778 (Tex. App--Corpus Christi 2000, pet. ref'd). When we
review whether there has been error in a jury charge, we apply an Almanza analysis to determine (1) whether error actually
exists in the charge, and (2) whether any resulting harm requires reversal. Mann v. State, 964 S.W.2d 639, 641 (Tex. Crim.
App. 1998); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984); Escobar, 28 S.W.3d at 778. 

The Geesa Jury Instruction

In his first point of error, appellant asserts the trial court erred by submitting to the jury a charge which included a
definition of "reasonable doubt." In the case before this Court, the Geesa definitional instruction on "reasonable doubt"
was submitted to the jury as required under Geesa at the time of appellant's trial. Geesa v. State, 820 S.W.2d 154, 165
(Tex. Crim. App. 1991). However, appellant argues that it was error under Paulson v. State, 28 S.W.3d 570, 573 (Tex.
Crim. App. 2000), a case decided subsequent to appellant's trial, to include a definition of "reasonable doubt." Further,
appellant argues that he failed to object because Geesa was the controlling law at the time and therefore, the error should be
reviewed under a "some harm" analysis. 

Prior to Geesa, the court of criminal appeals held that in Texas only a non-definitional charge on reasonable doubt
isnormally given and the court of criminal appeals was not going to "condone the giving of a charge on reasonable doubt
that goes beyond that." McGinty v. State, 723 S.W.2d 719, 721 (Tex. Crim. App. 1986) (citing Young v. State, 648 S.W.2d
2, 4 (Tex. Crim. App. 1983)). The court of criminal appeals further held that the language of the statute on reasonable
doubt did not need amplification or an attempt by the trial court to explain the term. Id. at 720-21. 

In 1991, the court of criminal appeals expressly adopted an instruction on "reasonable doubt" and held that the definitional
instruction was required to be included in the jury instructions during the guilt/innocence phase of all criminal trials, even
in the absence of an objection or request by the State or the defendant. (4) Geesa, 820 S.W.2d at 162. The court of criminal
appeals remanded, holding that the trial court was required to include the "reasonable doubt" instruction upon retrial of the
case. Id. at 165. The court of criminal appeals further held that Geesa was applicable to all the cases tried thereafter;
however, the jury instruction was not applicable to the cases already pending on direct review or not yet final. Id. In 1996,
the court of criminal appeals held that Geesa created an absolute requirement and the failure to submit an instruction on
"reasonable doubt" in all criminal cases where the burden of proof required the jury to find guilt beyond a reasonable doubt
was automatic reversible error. Reyes v. State, 938 S.W.2d 718, 721 (Tex. Crim. App. 1996). 

Recently, the court of criminal appeals specifically overruled the portion of Geesa which required trial courts to instruct
juries on the definition of "reasonable doubt" and overruled Reyes in its entirety. Paulson, 28 S.W.3d at 573. Although we
are bound by the majority opinion of the court of criminal appeals, we believe that the holding in Paulson is problematic.
We agree with Justice Price's dissent in that the Paulson decision "equips Texas juries with a measuring stick but deprives
them of the lines of demarcation that should guide them in measuring the evidence of guilt." Paulson, 28 S.W.3d at 582-83
(Price , J. dissenting).

The majority opinion in Paulson held

that the better practice is to give no definition of reasonable doubt at all to the jury. On the other hand, if both the State and
the defense were to agree to give the Geesa instruction to the jury, it would not constitute reversible error for the trial court
to acquiesce to their agreement.



Id. Therefore, we hold if the State and defendant do not agree to the Geesa instruction, it constitutes reversible error for the
trial court to submit the definitional instruction. See id. 

In the case before this Court, the two parties did not agree to the Geesa instruction. Consequently, it was reversible error to
admit a definition on "reasonable doubt." Id. This case was decided before Paulson was decided and Paulson,
unlikeGeesa, is unclear as to whether its holding should be applied retroactively. However, the court of criminal appeals
has applied Paulson to a case pending on appeal at the time Paulson was decided. See Arroyo v. State, 32 S.W.3d 868, 868
(Tex. Crim. App. 2000). Because the case before this Court was pending on appeal when Paulson was decided, we
holdPaulson is applicable to this case. In light of Paulson, we hold that it was reversible error to include the definition of
"reasonable doubt." Appellant's first point of error is sustained. 

We REVERSE and REMAND the judgments of the trial court.



 

LINDA REYNA YAÑEZ

Justice









Publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

31st day of August, 2001.



1. Colbert was convicted of one count of murder, appealed in cause number 13-00-403 CR. See Tex. Pen. Code Ann.
§19.02 (Vernon 1994). Colbert was also convicted of one count of aggravated assault, appealed in cause number
13-00-404 CR. See Tex. Pen. Code Ann. §22.02 (Vernon 1994).

2. The man in the convenience store and the man that approached Laury are two different individuals. 

3. Appellant had three witnesses testify on his behalf stating that appellant was not the individual shooting the handgun.
However, appellant does not challenge the sufficiency of the evidence. 

4. The definition mandated by Geesa states: 



A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the
evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his
own affairs. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be
willing to rely and act upon it without hesitation in the most important of your own affairs. In the event you have a
reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will
acquit him and say by your verdict "Not guilty".



Geesa v. State, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991).