Thomas Lynn BROWN, Appellant,

v.

STATE of Texas, Appellee.

No. 11–01–00333–CR.

Court of Appeals of Texas, Eastland.

Aug. 15, 2002.

Allan Fishburn, Dallas, for appellant.

Bill Hill, Crim. Dist. Atty., Dallas, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

W.G. ARNOT, III, Chief Justice.

The jury convicted appellant of aggravated assault.[1] The trial court found that appellant used or exhibited a deadly weapon during the commission of the offense, found the enhancement paragraph to be true, and assessed punishment at 40 years confinement. We affirm.

■■■ In his second and third points of error, appellant argues that the evidence is legally and factually insufficient to prove that he committed aggravated assault by using or exhibiting a deadly weapon. In his fifth, sixth, and seventh points of error, appellant contends that the evidence is factually insufficient to prove that he intentionally, knowingly, or recklessly caused serious bodily injury to the victim. In reviewing claims of legal sufficiency, this court follows the standards set out in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Johnson v. State,* 23 S.W.3d 1 (Tex.Cr.App.2000); and *Clewis v. State,* 922 S.W.2d 126 (Tex.Cr. App.1996). We review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In deciding whether the evidence is factually sufficient to support the conviction, we review all of the evidence in a neutral light favoring neither party to determine if the verdict is so against the great weight of the evidence as to be clearly wrong and unjust. *Johnson v. State,* supra; *Clewis v. State,* supra. We review the fact finder's weighing of the evidence and cannot substitute our judgment for that of the fact finder. *Cain v. State,* 958 S.W.2d 404 (Tex.Cr.App.1997); *Clewis v. State,* supra. Due deference must be given to the jury's determination, particularly concerning the weight and credibility of the evidence. *Johnson v. State,* supra; *Jones v. State,* 944 S.W.2d 642 (Tex.Cr. App.1996), *cert. den'd,* 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997). This court has the authority to disagree with

---

1. In Cause No. 11–01–00334–CR, the jury convicted appellant of theft. The two causes were tried together, and appellant appeals from both of the convictions. Our opinion in Cause No. 11–01–00334–CR is issued this same day.

the fact finder's determination "only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice." *Johnson v. State,* supra at 9.

Officer Townsend Howard with the Dallas Police Department testified that on April 4, 2001, he, Officer Troy Klinglesmith, and Officer Ruff went to a residence in Dallas to execute an arrest warrant for appellant. Officer Howard and Officer Ruff knocked on the front door of the residence, and Officer Klinglesmith went to the back of the residence. Officer Klinglesmith saw appellant running on the other side of the street. Officer Howard and Officer Ruff began chasing appellant on foot. Officer Howard stated that appellant ran to a utility truck, that the utility truck was running, and that appellant got in the utility truck. Officer Howard yelled for appellant to "look up" because there was a person inside the bucket of the utility truck. Appellant then looked at Officer Howard, and Officer Howard pointed up to the bucket of the truck. Officer Howard testified that appellant drove off in the utility truck at a high rate of speed and in a "reckless manner."

Kenneth R. Henry testified that he worked for AT & T as a "line tech." Henry stated that he worked in a truck equipped with a boom and a bucket. Henry testified that, on April 4, he was 30 feet in the air in the bucket of his truck working when appellant walked by. Appellant and Henry made eye contact and "nodded" at each other. Sometime later, Henry had moved his truck and was again up in the bucket when he saw appellant approaching the truck. Henry testified that he hollered at appellant when appellant got into the truck, but that appellant just drove away. Henry said that appellant was driving "crazy and fast," and Henry feared for his life. Henry testified that he saw that appellant was going to hit a pole, and Henry squatted down in the bucket of the truck pulling down his hard hat. Henry heard a loud crash and then fell out of the bucket into the middle of the concrete street. Appellant did not stop but continued driving in the truck.

Henry never lost consciousness and was transported by ambulance to Baylor Hospital. Henry testified that he suffered a broken wrist, broken pelvic bone, a bruised shoulder, broken ribs, lung fracture, and a torn spine as a result of falling from the bucket of the truck. Henry stated that he was in the hospital for almost a month and that, after being released, he could not walk for another week.

Officer Klinglesmith testified that he pursued appellant in his vehicle while the other officers chased appellant on foot. Officer Klinglesmith followed appellant as he drove the utility truck with Henry in the bucket. Officer Klinglesmith saw Henry fall from the bucket and hit the ground. Officer Klinglesmith testified that he called for an ambulance and then continued following appellant because another officer was behind him to assist Henry. Appellant wrecked the truck, got out, and started running. Officer Klinglesmith chased appellant, and appellant laid down on his stomach and allowed Officer Klinglesmith to handcuff him. Officer Klinglesmith stated that appellant questioned him about the warrant for his arrest, and Officer Klinglesmith responded that "that's the least of your problems. You better hope that guy lives." Appellant then asked how badly Henry was hurt and other questions about Henry's condition.

Appellant testified that he saw Officer Howard coming and that he started running because he knew that there was an outstanding warrant for him. Appellant said that the officer was hollering at him to get him to stop. Appellant saw the utility

truck, jumped in, and drove away. Appellant testified that he did not see Henry in the bucket of the truck and that he did not hear Henry yell at him. Appellant stated that he heard Officer Howard yelling at him but that he did not know what Officer Howard was saying. Appellant further testified that he did not hear the sirens from the police cars. Appellant said that, at some point, he probably hit a pole and wrecked the truck. Appellant got out of the truck, and an officer chased him. Appellant surrendered to the police and was arrested. Appellant said that he asked the officer why he was being arrested and that the officer told him that he should be worried about the man in the bucket. Appellant testified that he was unaware that someone was in the bucket until the officer informed him. Appellant then asked the officer about the condition of the man in the bucket.

■ Appellant contends in his second and third points of error that the evidence is legally and factually insufficient to show that he used a deadly weapon during the commission of the offense because he used the utility truck for the sole purpose of fleeing from the police. A deadly weapon means "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (Vernon 1994). The statute does not require a defendant to actually intend to cause death or serious bodily injury; rather, an object is a deadly weapon if a defendant intends a use of the object in which it would be capable of causing death or serious bodily injury. *McCain v. State*, 22 S.W.3d 497, 503 (Tex.Cr.App.2000).

■ The record shows that the boom of the utility truck was raised at the time appellant drove off in it and that Henry was in the bucket of the truck 30 feet in the air. The jury heard evidence that appellant drove the utility truck at a high rate of speed in a reckless manner while attempting to flee from the police. Although appellant testified that he did not know Henry was in the bucket of the truck, the jury heard testimony that Officer Howard yelled at appellant and pointed up to the bucket. Also, Henry testified that he and appellant made eye contact while he was in the bucket and that he yelled at appellant from the bucket. Henry stated that he believed that appellant heard him yell from the bucket. Officer Klinglesmith stated that, in his opinion, appellant's statements after being arrested proved that appellant was aware Henry was in the bucket. Viewing all of the evidence in a light most favorable to the verdict, we find that a rational trier of fact could have found that appellant used the utility truck in a manner in which it would be capable of causing death or serious bodily injury. We do not find that the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, supra. Appellant's second and third points of error are overruled.

In his fifth, sixth, and seventh points of error, appellant complains that the evidence is factually insufficient to show that he intentionally, knowingly, or recklessly caused serious bodily injury to Henry. A person acts intentionally when it is his "conscious objective or desire to engage in the conduct or cause the result." TEX. PENAL CODE ANN. § 6.03(a) (Vernon 1994). A person acts knowingly when he is "aware that his conduct is reasonably certain to cause the result." TEX. PENAL CODE ANN. § 6.03(b) (Vernon 1994). A person acts recklessly when he is:

[A]ware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will

occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

TEX. PENAL CODE ANN. § 6.03(c) (Vernon 1994). A person commits aggravated assault if he acts either intentionally, knowingly, or recklessly. TEX. PENAL CODE ANN. §§ 22.01(a)(1) & 22.02(a) (Vernon 1994 & Supp.2002).

■ The jury heard evidence that appellant drove the utility truck at a high rate of speed while fleeing from the police. There was evidence that appellant was aware that Henry was in the bucket of the truck which was extended 30 feet in the air. We do not find that the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, supra. Appellant's fifth, sixth, and seventh points of error are overruled.

In his first point of error, appellant contends that the trial court erred in charging the jury on the definition of reasonable doubt as set out in *Geesa v. State*, 820 S.W.2d 154 (Tex.Cr.App.1991). In *Geesa*, the Court of Criminal Appeals held that the following definition of reasonable doubt shall be submitted to the jury in all criminal cases:

A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable

person hesitate to act in the most important of his own affairs.

Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

*Geesa v. State*, supra at 162. The trial court included the *Geesa* definition of reasonable doubt in its charge to the jury.

In *Paulson v. State*, 28 S.W.3d 570 (Tex. Cr.App.2000), the court overruled *Geesa* to the extent that it required trial courts to instruct juries on the definition of reasonable doubt. The court stated that "the better practice is to give no definition of reasonable doubt at all to the jury." *Paulson v. State*, supra at 573. The court found that it would not be reversible error to include the definition if both parties agreed to provide it. *Paulson v. State*, supra at 573.

Appellant argues that, because the trial court included the *Geesa* definition of reasonable doubt and because the parties did not agree to submit the definition to the jury, the trial court committed reversible error in including the instruction. We disagree.

■ Although *Paulson* no longer requires the trial court to define reasonable doubt and, in fact, discourages trial courts from doing so, we find that it was not error to include the definition in this case. *Dooley v. State*, 65 S.W.3d 840 (Tex.App.-Dallas 2002, pet'n ref'd).[2] Moreover, we

---

**2.** We note that in *Colbert v. State*, 56 S.W.3d 857(Tex.App.-Corpus Christi 2001, pet'n granted), the court held that it was reversible error to give the *Geesa* definition of reasonable doubt if the parties do not agree to provide the definition. In *Phillips v. State*, 72 S.W.3d 719 (Tex.App.-Waco 2002, no pet'n), and *Rodriguez v. State*, —— S.W.3d ——, 2002 WL 1723875 (No. 03–01–00573–CR, Tex. App.-Austin, July 26, 2002, no pet'n h.), the trial courts gave a portion of the *Geesa* definition of reasonable doubt over the defendants' objections. In both cases, the court of appeals found that it was error to include the definition over objection but found the error harmless.

note that appellant did not object to the trial court's inclusion of the *Geesa* definition of reasonable doubt. *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985). Therefore, assuming without agreeing that it was error to include the definition, appellant has not shown that he suffered egregious harm as a result of any error. *Almanza v. State*, supra. Appellant's first point of error is overruled.

In his fourth point of error, appellant complains that the trial court erred in entering a deadly weapon finding in the judgment. The indictment alleges two theories of aggravated assault. The first paragraph alleges that appellant did, "intentionally, knowingly, and recklessly cause bodily injury to [the victim] ... and said defendant did use and exhibit a deadly weapon to-wit: a utility vehicle, during the commission of the assault." The second paragraph states that appellant did "intentionally, knowingly and recklessly cause serious bodily injury to [the victim] by operating a utility vehicle, a deadly weapon ... and causing [the victim] to fall with and against the ground." The charge authorized the jury to convict appellant on either of the two theories alleged in the indictment. The jury returned a general verdict finding appellant "guilty as charged in the indictment." The trial court assessed punishment and entered a deadly weapon finding.

 Appellant argues that the jury as the trier of fact was responsible for making a deadly weapon finding and that, because the jury entered a general verdict, there was no express finding by the jury that appellant used a deadly weapon. Generally, the trial court may properly enter an affirmative finding on the use of a deadly weapon when the indictment alleges the use of a deadly weapon, the weapon is deadly per se, or the jury affirmatively answers a special issue on the use of a

deadly weapon. *Polk v. State*, 693 S.W.2d 391, 394 (Tex.Cr.App.1985); *Adams v. State*, 40 S.W.3d 142 (Tex.App.-Houston [14th Dist.] 2000, pet'n ref'd). When it is the trier of fact at the punishment stage of the trial, the trial court has the authority to make an affirmative finding if the facts show, and it believes, that the defendant used or exhibited a deadly weapon, even if the jury has not answered a special issue. *Fann v. State*, 702 S.W.2d 602, 604 (Tex. Cr.App.1985); *Flores v. State*, 690 S.W.2d 281, 283 (Tex.Cr.App.1985); *Adams v. State*, supra. This is true even if the State did not re-offer the evidence adduced at the guilt/innocence stage, as long as the judge assessing punishment is the same judge who presided at trial. See *Tamminen v. State*, 653 S.W.2d 799, 802 (Tex.Cr. App.1983); *Wright v. State*, 468 S.W.2d 422, 425 (Tex.Cr.App.1971); *Adams v. State*, supra.

 Both paragraphs of the indictment allege that appellant used a deadly weapon, the utility truck, in committing the offense. The jury found appellant guilty as charged in the indictment. We found in addressing Points of Error Nos. 2 and 3, that the evidence is legally and factually sufficient to show that appellant used a deadly weapon in committing aggravated assault. The trial court was authorized to enter the deadly weapon finding because the evidence supported the finding. *Adams v. State*, supra. Appellant's fourth point of error is overruled.

In his eighth point of error, appellant argues that the trial court erred in "failing to properly limit the relevant conduct elements in the jury charge." In its charge to the jury, the trial court instructed the jury that:

A person acts recklessly, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a

substantial and unjustifiable risk that the circumstances exist or the result will occur.

Appellant contends that the instruction was erroneous because it defined the culpable mental state of reckless in terms of both result of conduct and circumstances surrounding conduct. Appellant did not object to the jury charge; therefore, any error must be so egregious that appellant did not receive a fair and impartial trial. *Almanza v. State*, supra.

■■■ Viewing the entire jury charge, the trial court instructed the jury in the application paragraphs to convict appellant if it found that appellant intentionally, knowingly, or recklessly caused the injury to Henry. The application paragraph did not include the language on the circumstances surrounding the conduct. The instruction limited any overbroad language in the definition portion of the charge. *Hughes v. State*, 897 S.W.2d 285, 295 (Tex. Cr.App.1994), *cert. den'd*, 514 U.S. 1112, 115 S.Ct. 1967, 131 L.Ed.2d 857 (1995); *Delgado v. State*, 944 S.W.2d 497 (Tex. App.-Houston [14th Dist.] 1997, pet'n ref'd). We find that appellant did not suffer egregious harm as a result of the trial court's definition of reckless. Appellant's eighth point of error is overruled.

The judgment of the trial court is affirmed.