Affirmed; Opinion of March 6, 2003 Withdrawn; Corrected Memorandum
Opinion filed March 13, 2003













Affirmed;
Opinion of March 6, 2003 Withdrawn;
Corrected Memorandum Opinion filed March 13, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.  14-02-00388-CR

____________

 

FLOYD MOORE, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 

On Appeal from
the 405th District Court

Galveston County, Texas

Trial Court Cause No.  00CR1022

 

 

 

C O R R E C T E D   M E M O
R A N D U M   O P I N I O N

            Appellant Floyd Moore, Jr. appeals
from his conviction for possession of cocaine in the amount of less than one
gram.  We affirm.

Factual Background

            During the afternoon of June 10, 2000, Officers
Williams and Golden of the Galveston County Sheriff’s Department saw
appellant’s car pull into a store parking lot located in an area known for a
high level of narcotics activity.  The
vehicle was moving at 

 class=Section2>

a
high rate of speed and stopped at the establishment’s front doors.  According to Officer Golden, bystanders in
the parking lot quickly moved up to the sidewalks when the fast-moving vehicle
approached.  As soon as the vehicle
stopped, several individuals walked up to appellant and began talking and
pointing towards the officers’ patrol cars parked across the street.  Appellant immediately left.  The tires of his car squealed as he pulled
out of the parking lot.  Officer Williams
testified the people in the parking lot easily could have been run over.  Both officers, intending to make a traffic stop for reckless driving, immediately pursued
appellant’s car.  Eventually, appellant
brought his car to a stop.  A struggle
ensued and the officers found appellant in possession of crack cocaine.  

            Following a hearing, the trial court
denied appellant’s motion to suppress the evidence based on lack of probable
cause for the traffic stop.  The jury found
him guilty of possession of cocaine in an amount less than one gram, and
assessed punishment at twenty-four months’ confinement.  Appellant presents three issues on appeal,
alleging error in the denial of his suppression motion and in the jury charge.

Motion to Suppress

            In his first point of error,
appellant argues the trial court erred in denying his motion to suppress as
there was no probable cause for the officers to stop and arrest him. Motions to
suppress are subject to a bifurcated standard of review.  Carmouche v. State, 10 S.W.3d 323,
327 (Tex. Crim. App. 2000).  In reviewing the trial court’s ruling on a
motion to suppress, we afford deference to the trial court’s determination of
the historical facts and rulings on mixed questions of law and fact, especially
if those questions ultimately turn on an evaluation of credibility and
demeanor.  Loserth v. State, 963 S.W.2d
770, 772 (Tex. Crim. App. 1998).  We decide de
novo whether the trial court erred in misapplying the law to the
facts.  Carmouche, 10
S.W.3d at 327.  

            Appellant argues that the trial
court improperly applied the law to the facts, in that his actions did not
constitute reckless driving when he drove away from the store parking lot.  Appellant also argues that the officers’ testimony
was too conflicting and inconsistent to support the court’s ruling.  We find no merit to either argument.

            A police officer may stop and detain
a motorist for investigation if the officer has a reasonable suspicion that a
traffic violation was committed, or if the offense is committed in the
officer’s presence.  Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim.
App. 1992).  Reckless driving is a
traffic violation defined as “driv[ing] a vehicle in willful or wanton disregard for the
safety of persons or property.”  Tex. Transp. Code. § 545.401. 
Officer Golden testified to observing appellant’s car enter the parking
lot at a high rate of speed, causing bystanders to step up onto the
sidewalk.  He also testified to observing
appellant’s car quickly leave the parking lot, squealing its tires.  Officer Williams testified that appellant’s
tires squealed either when appellant’s vehicle stopped or when it quickly took
off again, and that it was difficult to tell because appellant’s arrival and
departure happened so quickly.  Officer
Williams further testified that there were people in the parking lot at the
time.  Although appellant’s witness, the
owner of the car involved in the incident, testified that the vehicle had loose
motor mounts and that she had been unable to “burn rubber” when she later
attempted to do so, the trial court is the sole trier
of fact and judge of the credibility of witnesses at a suppression
hearing.  See Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990).  We view the evidence and all reasonable
inferences in the light most favorable to the trial court’s ruling, and reverse
only if there has been a clear abuse of discretion.  Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim.
App. 1996); Cantu v. State, 817
S.W.2d 74, 77 (Tex. Crim. App. 1991).  

            After reviewing the evidence
presented at the suppression hearing, we find no abuse of discretion by the
trial court in denying appellant’s motion to suppress.  Appellant’s first point of error is
overruled. 




 








Jury Charge

            By his second and third points of
error, appellant argues the trial court erred in submitting the following
instruction in the jury charge:

It is not required that the prosecution prove guilt beyond all possible doubt.  It is required that the prosecutor’s proof exclude
all “reasonable doubt” concerning the Defendant’s guilt.

            In Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim.
App. 2000), the Texas Court of Criminal Appeals held that a jury instruction on
reasonable doubt is no longer necessary, 
and that the better practice is to not use such an instruction.  The Paulson
court further stated that if both the State and the defense agree to the
instruction, it is not reversible error for the trial court to include the
instruction.  Paulson, however, fell short of holding that such an instruction,
absent agreement of both sides, would constitute reversible error.  Since Paulson,
courts of appeals have been divided as to whether inclusion of a reasonable
doubt jury instruction in the absence of agreement constitutes error, and, if
so, whether such error is harmless.  See, e.g., Carriere
v. State, 84 S.W.3d 753, 759 (Tex. App.—Houston [1st
Dist.] 2002, pet. filed) (finding no error); Phillips v. State, 72 S.W.3d 719, 721 (Tex. App.—Waco 2002, no
pet.) (finding harmless error); Colbert v. State, 56 S.W.3d 857, 860 (Tex. App.—Corpus Christi
2001, pet. granted) (finding reversible error). 

            We need not reach that determination
in this case.  Because appellant failed
to object to this jury charge, he must establish egregious harm.  See
Mann v. State, 964 S.W.2d 639, 641 (Tex. Crim.
App. 1998); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Egregious harm exists when the error was
so harmful as to deny a defendant a fair and impartial trial.  Barrera v. State, 982 S.W.2d 415, 417 (Tex. Crim.
App. 1998).  Any harm suffered
must be actual and not merely theoretical. 
Dickey v. State,
22 S.W.3d 490, 492 (Tex. Crim. App. 1999).  Appellant argues the instruction played a
crucial role in his conviction because of its allegedly misleading and
confusing nature, and that it was a comment on the weight of the evidence.  We find no support for these arguments in the
record before us.  Assuming, without
deciding, it was error for the trial court to submit the jury instruction,
appellant has not established that he suffered egregious harm by inclusion of
the instruction.  Accordingly, we
overrule appellant’s second and third points of error.

            The judgment of the trial court is
affirmed.

 

                                                                                    

                                                                        /s/        Kem Thompson
Frost

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed March 13, 2003.

Panel
consists of Justices Fowler, Edelman, and Frost.

Do Not
Publish — Tex. R. App.
P. 47.2(b).