Affirmed and Opinion filed May 1, 2003









Affirmed and Opinion filed May 1, 2003.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00465-CR

____________

 

ALBERT VEAL JACKSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 56th District Court

Galveston County, Texas

Trial Court Cause No. 01CR1322

 



 

O P I N I O N

Albert Veal Jackson was convicted by a jury of aggravated
assault with a deadly weapon and sentenced to 30 years= confinement in the Institutional
Division of the Texas Department of Criminal Justice.  We affirm. 

                                                             I.  Background








On the afternoon of July 22, 2001,
Olga Nino was driving a pickup truck on I-45 South toward Galveston.  As Nino was “coming through League City,” a
maroon Continental, driven by appellant, was behind the pickup truck.  Nino wanted to change lanes because it was
apparent the Continental wanted to go faster; because she could not change
lanes safely, she remained in her lane. 
Nino testified that the next thing she knew, shots rang out and the
Continental passed her on the passenger side; the driver was pointing a gun
inside the cab of the truck.  Nino got
scared and slowed down.  Nino then
proceeded to get closer to try to get the license plate number.  The driver of the Continental looked back at
her and pointed the gun out the window, indicating for Nino to come closer; she
became scared and backed off.  

After hearing the shots fired, Nino called 911 on her
cellular phone.  While still on the phone
with the dispatcher, Nino continued to follow the Continental at a safe
distance until it was stopped by a State Trooper with the Texas Department of
Public Safety.  

In this appeal, appellant claims (1) the trial court erred in
instructing the jury that the State was not required to prove guilt beyond all
possible doubt; (2) the trial court commented on the weight of the evidence;
(3) the evidence is legally and factually insufficient to support his
conviction; (4) there was a fatal variance between the allegation of the victim=s name in the indictment and the
proof developed at trial; (5) the State did not prove venue was in Galveston
County; and (6) the trial court erred in failing to enter a plea of Anot true@ to the enhancement paragraph on his
behalf when he did not enter a plea.

                                                      II.  Geesa Instruction

In
his first issue, appellant complains the trial court erred in instructing the
jury that the State was not required to prove guilt beyond all possible
doubt.  The jury charge contained the
following instruction:

It is not required that the prosecution prove guilt
beyond all possible doubt.  It is
required that the prosecutor=s proof excludes all “reasonable doubt” concerning the
Defendant=s guilt.








The reasonable doubt instruction was consistent with that
required by Geesa v. State, 820 S.W.2d
154, 162 (Tex. Crim. App. 1991). 
Subsequently, the Court of Criminal Appeals in Paulson v. State,
overruled that portion of Geesa requiring the
trial courts to instruct juries on the definition of “beyond a reasonable
doubt,” instead finding “the better practice is to give no definition of
reasonable doubt at all to the jury.”  28
S.W.3d 570, 573 (Tex. Crim. App. 2000). 
The Paulson court explained, however, that if both the State and
the defense agree to give the Geesa
instruction to the jury, it will not result in reversible error if the trial
court includes the instruction in the charge. 
Id.  Paulson,
however, did not hold that giving the instruction, in the absence of an
agreement between the State and the defense, would constitute reversible
error.  Accordingly, it was not error for
the trial to include the instruction.  See
Minor v. State, 91 S.W.3d 824, 829 (Tex. App.CFort Worth 2002, pet. filed); Brown
v. State, 91 S.W.3d 353, 358 (Tex. App.CEastland 2002, no pet.); Carriere v. State, 84 S.W.3d 753, 759 (Tex.
App.CHouston [1st Dist.] 2002, pet.
filed); Dooley v. State, 65 S.W.3d 840, 844 (Tex. App.CDallas 2002, pet. ref=d). 
But see Rodriguez v. State, 96 S.W.3d 398, 405 (Tex. App.CAustin 2002, pet. ref=d) (holding it was error to include Geesa reasonable doubt instruction, but concluded
such error was harmless); Phillips v. State, 72 S.W.3d 719, 721 (Tex.
App.CWaco 2002, no pet.) (holding it was
error to give Geesa reasonable doubt
instruction in absence of agreement between State and defense, but such error
did not cause harm); Colbert v. State, 56 S.W.3d 857, 859 (Tex. App.CCorpus Christi 2001, pet. granted)
(holding that in absence of agreement by State and defendant to include Geesa instruction, submission of such instruction to
jury constitutes reversible error).  

Even if it were error for the trial court to give the
reasonable doubt instruction to the jury, appellant has not shown that he was
harmed by the instruction.  Because
defense counsel did not object, error, if any, does not require reversal unless
it was so egregious and created such harm that appellant was denied a fair
trial.  Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).  We assay the actual degree of harm in light
of the entire jury charge, the state of the evidence (including the contested
issues and weight of probative evidence), the argument of counsel, and any
other relevant information revealed by the trial record.  Id. 









Appellant complains that the inclusion of the Geesa instruction lessened the State=s burden of proof, confused the jury,
and negated the statutory language found in Tex.
Pen. Code Ann. ' 2.01 (Vernon 2003) and Tex.
Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2003).[1]  To the contrary, the instruction, “it is not
required that the prosecution prove guilt beyond all doubt,” does not lessen
the State=s burden of proof, confuse the jury,
or negate the statutory burden of proof language, particularly in view of the
next sentence, “it is required that the prosecution’s proof excludes all ‘reasonable
doubt,’” which correctly states the State=s burden of proof.  See Carriere,
84 S.W.3d at 759 (holding reasonable doubt instruction does not lessen State=s burden of proof).  Appellant has failed to show egregious harm
and his first issue is overruled.  

                          III. 
Comment on the Weight of the Evidence

In his second issue, appellant complains the trial court
commented on the weight of the evidence by including the Geesa
reasonable doubt instruction.  The jury
charge should set forth the applicable law of the case without expressing an
opinion on the weight of the evidence, summing up the testimony, or discussing
the facts or using jury argument to arouse the sympathy or the passions of the
jury.  McGowan v. State, 938
S.W.2d 732, 738 (Tex. App.CHouston [14th Dist.] 1996), aff’d,
975 S.W.2d 621 (Tex. Crim. App. 1998).  A
charge that assumes the truth of a controverted issue is a comment on the
weight of the evidence and is erroneous. 
Whaley v. State, 717 S.W.2d 26, 32 (Tex. Crim. App. 1986).  








Appellant asserts the jury could have considered the “beyond
all possible doubt” instruction as the trial court, in effect, informing the
jury that it believed the State=s evidence was sufficient to convict even if there were some
doubt.  In other words, appellant argues
that by instructing the jury that the State was not required to prove guilt
beyond all possible doubt, the court was instructing the jury that the evidence
was sufficient beyond a reasonable to convict appellant.  

As explained above, the charge correctly sets forth the State=s burden of proof; therefore, it is
not a comment on the weight of the evidence. 
Appellant=s second issue is overruled. 


                  IV. 
Legal and Factual Sufficiency of the Evidence

In his third and fifth issues, appellant challenges the legal
and factual sufficiency of the evidence supporting his conviction.  When reviewing the legal sufficiency of the
evidence, we must view the evidence in light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Wilson v. State, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999).  In conducting this review, we do not engage
in a second evaluation of the weight and credibility of the evidence, but only
ensure that the jury reached a rational decision.  Muniz v. State, 851 S.W.2d 238, 246
(Tex. Crim. App. 1993).

            When
reviewing the claims of factual insufficiency, it is our duty to examine the
jury=s weighing of the evidence.  Clewis v.
State, 922 S.W.2d 126, 133, 134 (Tex. Crim. App. 1996).  In other words, we must view the evidence “without
the prism of ‘in the light most favorable to the prosecution’” and set aside
the verdict only if it is “so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust.” 
Id. at 129.  Thus, when
reviewing factual sufficiency challenges, appellate courts must determine “whether
a neutral review of all of the evidence, both for and against the finding,
demonstrates that the proof of guilt, is so obviously weak as to undermine
confidence in the jury=s determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof.”  Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000).  








Appellant complains that the State did not prove beyond a
reasonable doubt that he intentionally or knowingly threatened Nino with
imminent bodily injury by pointing a gun at her.  Appellant points out that there were two
other people in the cab of the pickup truck driven by Nino.  Nino testified that she saw appellant point a
gun at the cab of the pickup truck, but did not state that appellant pointed
the gun at her.  Appellant argues that
because there were two people sitting between Nino and the car passing on the
passenger side of the pickup truck, if a gun had been pointed at anyone, it
would have been at one of the other passengers sitting on the front seat.  

Appellant further points out that, Juan Gonzalez, who was
sitting in the bed of the pickup truck, testified that he saw the Continental
following closely.  Gonzales indicated to
the driver of the Continental that there was no room to pass.  Thereafter, the driver and Gonzales exchanged
crude gestures.  Gonzales testified the
driver pointed the gun at him because they had exchanged gestures.  Gonzales ducked down when the driver fired
the gun.  After the shooting stopped,
Gonzales got up and saw the Continental passing with the driver holding the gun
out the window.  Bernardo Garcia, also
sitting in the bed of the pickup truck, testified he thought the gun was
pointed at Nino.  Appellant argues,
however, that the gun could have been pointed at one of the two passengers
sitting on the front seat with Nino.  

Natasha Battle was riding in the back seat of the
Continental.  She testified that
appellant reached down and pulled out a gun. 
According to Battle, appellant stuck the gun outside the window and “shot
it up in the air twice, and that=s all.”  She does not think the gun was aimed at
anyone.  

It is not required that the gun be “pointed at” the
complaining witness in order to complete the offense.  Appellant pulled the gun from underneath the
driver=s seat, held the gun outside the
window, and fired the gun.  He passed the
pickup truck, brandishing the gun at its occupants.  Furthermore, appellant pointed the gun out
the window and motioned for Nino to draw closer.  These acts are sufficient to support a
finding that appellant acted intentionally or knowingly in placing Nino in fear
of bodily injury.  








The jury is the sole judge of the facts, the credibility of
the witnesses, and the weight to be given the evidence.  Beckham v. State, 29 S.W.3d 148, 152
(Tex. App.CHouston [14th Dist.] 2000, pet. ref=d). 
Therefore, the jury may believe or disbelieve all or part of any witness=s testimony.  Jones v. State, 984 S.W.2d 254, 258
(Tex. Crim. App. 1998).  Reconciliation
of any conflicts in the evidence falls within the exclusive province of the
jury.  Heiselbetz
v. State, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995).  

We conclude any rational trier of fact could have found that
appellant acted intentionally or knowingly in placing Nino in fear of bodily
injury.  Moreover, viewing the evidence
without the prism of in the light most favorable to the prosecution, we do not
find the verdict so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust.  Appellant=s third and fifth issues are
overruled. 

                 V. 
Variance between Indictment and Proof at Trial

In his fourth issue, appellant claims there was a fatal
variance between the allegation of the victim=s name in the indictment and the
proof developed at trial.  Appellant
complains the proof at trial did not specifically show that a handgun had been
pointed at Nino.  A variance occurs when
there is a discrepancy between the allegations in the charging instrument and
the proof at trial.  Gollihar
v. State, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001).  When there is a variance, the State has
proven the defendant guilty of a crime, but has proven its commission in a
manner that varies from the allegations in the charging instrument.  Id. 
If a variance exists between the allegations and proof, it may render
the evidence insufficient to sustain the conviction.  Wray v. State, 711 S.W.2d 631, 633
(Tex. Crim. App. 1986).  However, only a “material”
variance will render the evidence insufficient. 
Gollihar, 46 S.W.3d at 257.  A variance is material only if it (1)
deprives the defendant of sufficient notice of the charges against him, or (2)
subjects the defendant to the risk of subsequent prosecution for the same offense.  Id. 









Here, there is no variance between the indictment and the
proof offered at trial.  The indictment
alleges that appellant did “intentionally and knowingly threaten Olga Nino with
imminent bodily injury and did then and there use and exhibit a deadly weapon,
to wit:  a handgun.”  The indictment did not allege that appellant
pointed a handgun at Nino.  In any event,
as alleged in the indictment, the evidence is sufficient to support appellant=s conviction.  Appellant=s fourth issue is overruled.

                                                                   VI. 
Venue

In his sixth issue, appellant challenges the proof of
venue.  Appellant asserts the State did
not prove venue was proper in Galveston County. 
Failure to prove venue in the county of prosecution is reversible
error.  Black v. State, 645 S.W.2d
789, 791 (Tex. Crim. App. 1983).  Unless
disputed in the trial court or the record affirmatively shows otherwise, we
must presume venue was proved at trial. 
Tex. R. App. P. 44.2(c)(1).  A motion for directed verdict, complaining
that the State failed to prove the elements of the offense as set forth in the
indictment is insufficient to preserve the issue of venue.  Grant v. State, 33 S.W.3d 875, 878
(Tex. App.CHouston [14th Dist.] 2000, pet. ref=d). 
Appellant concedes that although he moved for acquittal, his motion
merely alleged that the State failed to prove the elements of the offense, but
did not specifically challenge venue. 
Appellant, therefore, failed to preserve his challenge to venue and
accordingly, we must presume the State proved venue. 

In any event, venue is proper in Galveston County.  Although Nino informed the dispatcher that
she was “coming through League City” when appellant fired the gun, appellant
maintains that the exact location where the shot was fired is unknown.  Appellant complains that although he was
stopped in Galveston County, the evidence shows the shot that resulted in his
indictment was fired in Harris County.  








Assuming that it cannot be determined whether appellant fired
the shot in Harris County or Galveston County, venue in Galveston County is
proper under Article 13.19 of the Texas Code of Criminal Procedure, which
provides that if an offense has been committed within the State and it cannot
be readily determined in which county the offense occurred, trial may be held
in the county in which the defendant resides, in the county in which the
defendant was apprehended, or in the county to which the defendant is
extradited.  Tex. Code. Crim. Proc. Ann. art. 13.19 (Vernon 1977).  The evidence establishes, and appellant
states in his brief, that appellant was apprehended in Galveston County,
thereby making venue there proper. 
Appellant=s sixth issue is overruled. 


                                  VII. 
Plea to Enhancement Paragraph

In his seventh issue, appellant claims the trial court erred
in failing to enter a plea of “not true” on his behalf to the enhancement
paragraph when he did not enter a plea. 
The State did not read the enhancement paragraph at the beginning of the
punishment stage; instead, the State reoffered the evidence from the
guilt-innocence stage and proceeded to call the first witness, the latent
fingerprint examiner.  Appellant
stipulated that the witness was an expert in fingerprint examination.  After the fingerprint expert started
testifying, the trial court asked counsel to approach the bench and informed
them that the enhancement paragraph had not been read.  The State then read the enhancement paragraph
to the jury.  When the trial court asked
appellant how he pleaded to the enhancement paragraph, defense counsel stated, “We
enter no plea in this.”  The trial court
entered a plea of “not true” on the docket sheet.  

When the trial court stated, “Let=s start over,” and asked appellant if
he were stipulating that the witness was an expert on fingerprints, defense
counsel stated, “Yes, Your Honor. . . . In fact, I wasn=t going to make any objection to
this, so you can offer this without objection and we will proceed on and not
make the jury listen to the whole thing over again.”  Appellant further did not object to the
admission of the fingerprint card or the penitentiary packet.  Appellant testified that he had served time
for the offense alleged in the enhancement paragraph.  








With
respect to the reading of the enhancement paragraph, Article 36.01 of the Texas
Code of Criminal Procedure provides: 

The indictment or information shall be read to the
jury by the attorney prosecuting.  When
prior convictions are alleged for purposes of enhancement only and are not
jurisdictional, that portion of the indictment or information reciting such
convictions shall not be read until the hearing on punishment is held as
provided in Article 37.07.

 

Tex. Code Crim. Proc. Ann.
art. 36.01(a)(1) (Vernon Supp. 2003). 
The reading of the enhancement paragraph is mandatory.  Ex parte Sewell, 742 S.W.2d 393, 395
(Tex. Crim. App. 1987); Warren v. State, 693 S.W.2d 414, 415 (Tex. Crim.
App. 1985).  Until the part of the
charging instrument that contains the enhancement allegations is read to the
defendant and he pleads thereto, no issue is joined on which to enhance
punishment.  Ex parte Sewell, 742
S.W.2d at 395.  However, error resulting
from not reading the enhancement allegations and not entering a plea can be
cured at trial.  Warren, 693
S.W.2d at 416.  Upon learning of the
error, the enhancement paragraphs are read to the jury, the defendant enters a
plea, and the State reintroduces, or the parties stipulate to, the
evidence.  Id.; Welch v. State,
645 S.W.2d 284, 285 (Tex. Crim. App. 1985); Peoples v. State, 459 S.W.2d
868, 869 (Tex. Crim. App. 1970); Trammell v. State, 445 S.W.2d 190, 193B94 (Tex. Crim. App. 1969).  








Appellant complains that the trial court=s effort to correct the error of not
initially reading the enhancement was only half successful.  Appellant contends that when defense counsel
stated, “We enter no plea in this,” the trial court should have entered a plea
of “not true” on his behalf.  See
Tex. Code Crim. Proc. Ann. art.
26.12 (Vernon 1989) (providing that “if the defendant answers that he is not
guilty, such plea shall be entered upon the minutes of the court; if he refuses
to answer, the plea of not guilty shall in like manner be entered”).  A review of the docket sheet, however,
establishes that the trial court entered a plea of “not true” on behalf of
appellant.[2]  The trial court followed the correct
procedure and we find no error.  

Even if the trial court had erred, any such error is
harmless.  Any failure to read the
enhancement paragraph and enter a plea of “not true” is non-constitutional
error subject to harm analysis under Texas Rule of Appellate Procedure 44.2(b),
which provides “[a]ny error, defect, irregularity, or
variance that does not affect substantial rights must be disregarded.”  Tex.
R. App. P. 44.2(b).[3]  In other words, after examining the record as
a whole, the appellate court must disregard this error if it has fair assurance
that the error did not influence the jury or had but a slight effect.  Johnson v. State, 967 S.W.2d 410, 417
(Tex. Crim. App. 1998). 

            Appellant
stipulated to the expert witness, did not object to the admission of the
fingerprint card or the penitentiary packet into evidence, and testified that
he had served time for the offense contained in the enhancement paragraph.  Appellant has failed to show that his substantial
rights were violated.  Appellant=s seventh issue is overruled.  

Accordingly, the judgment of the trial court is affirmed.

 

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 




Judgment rendered
and Opinion filed May 1, 2003.

Panel consists of
Justices Yates, Hudson, and Frost.

Publish C Tex.
R. App. P. 47.2(b).











[1]  The language
contained in both Tex. Pen. Code Ann.
' 2.01 and Tex.
Code Crim. Proc. Ann. art. 38.03 is identical:

All persons are presumed to be innocent and no such person may be
convicted of an offense unless each element of the offense  is proved beyond a reasonable doubt.  The fact that he has been arrested, confined,
or indicted for, or otherwise charged with, the offense gives rise to no
inference of guilt at his trial.





[2]  The docket
sheet states, AEnhancement read. 
No plea.  Not true entered for D.@





[3]  Linton v.
State, 15 S.W.3d 615, 620 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d) (holding error in failing to read enhancement
paragraphs and defendant=s plea at beginning of punishment hearing is
non-constitutional error).