Derory Dewayne COLBERT, Appellant,

v.

The STATE of Texas.

Nos. 2476–01, 2477–01.

Court of Criminal Appeals of Texas.

June 18, 2003.

---

**317**

Lawrence B. Mitchell, Dallas, for Appellant.

Laura Anne Coats, Asst. DA, Dallas, Matthew Paul, State's Atty., Austin, for State.

## OPINION

PRICE, J., delivered the opinion of the Court, in which KELLER, P.J., MEYERS, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, J.J., joined.

The appellant was charged with murder and aggravated assault. At the close of evidence, the court presented the jury with a jury charge which included a *Geesa* instruction. The jury found the appellant guilty. On appeal, the appellant argued that the trial court committed reversible error by including a *Geesa* instruction in the jury charge. The Thirteenth Court of Appeals agreed with the appellant and reversed the trial court's convictions. 56 S.W.3d 857, 860 (Tex.App.-Corpus Christi 2001, pet. granted). We will reverse.

The appellant, a gang member, fired a handgun at a vehicle containing four boys who were not members of his gang. The boys were attempting to back out of convenience store parking lot that was on the appellant's "turf." One bullet struck the driver of the vehicle in the chest and arm. The second bullet hit a boy in the backseat and killed him with a wound to the chest.

At trial, the court provided both parties with the proposed jury charge. The appellant informed the court that he had no objections to the proposed charge. The court then presented the jury with the instructions, which included the following *Geesa* instruction:

A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all of the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his affairs.

Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you will be willing to rely and act upon it without hesitation in the most important of your own affairs.

In the event you have reasonable doubt as to the defendant's guilt after considering all of the evidence before you, and the instructions, you will acquit him and say by your verdict, "not guilty."

The jury convicted the appellant and set the punishment at forty-five years' confinement and $10,000 fine for the murder and twenty years' confinement and $10,000 fine for the aggravated assault.

The Court of Appeals held that, under *Paulson*, it was automatic reversible error

to include a *Geesa* instruction in the charge absent a request by the parties. It also held that because the instant case was pending on appeal when *Paulson* was decided, the *Paulson* holding should be applied retroactively.

We granted the State's petition for discretionary review to determine whether *Paulson* should be applied retroactively and, if so, whether the trial court erred by including a *Geesa* instruction in the jury charge without an agreement from both parties.[1]

In *Geesa v. State*, this Court expressly adopted a definitional instruction on "reasonable doubt" and required that the instruction be submitted to the jury in all criminal cases, even in the absence of an objection or request by the State or the defendant, whether the evidence was circumstantial or direct. *See Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991). In 1996, this Court went further when we held that *Geesa* created an absolute systemic requirement that an instruction on reasonable doubt be submitted to the jury in all cases where the burden of proof requires the jury to find guilt beyond a reasonable doubt and the failure to submit such an instruction is automatic reversible error. *Reyes v. State*, 938 S.W.2d 718, 721 (Tex.Crim.App.1996).

Subsequently, while the present case was pending on appeal, this Court overruled the portion of *Geesa* that required trial courts to instruct juries on the definition of reasonable doubt and overruled *Reyes* in its entirety. *Paulson v. State*, 28 S.W.3d 570, 573 (Tex.Crim.App.2000). In *Paulson*, this Court overruled *Geesa* because it concluded that the instruction was

confusing and logically flawed. *Ibid.* We held that a definition of reasonable doubt is not required by the United States Constitution, the Texas Constitution or a Texas statute and that over a hundred years of pre-*Geesa* Texas precedent discourages it. *Ibid.* We concluded that it would be ill-advised for us to require trial courts to provide the jury with a redundant, confusing and logically flawed definition.

■ The appellant argues that the holding in *Paulson* should be applied retroactively. In *Paulson*, this Court remained silent on the issue of whether its holding was to be applied retroactively. *See Paulson v. State*, 28 S.W.3d 570 (Tex.Crim.App. 2000).

■ Whether a new rule of non-constitutional origin should be applied retroactively is evaluated under the balancing test set out in *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). *Taylor v. State*, 10 S.W.3d 673, 681 (Tex. Crim.App.2000). The test requires the balancing of the following factors: 1) the purpose to be served by the new standards, 2) the extent of reliance by law enforcement authorities on the old standards and, 3) the effect on the administration of justice of a retroactive application of the new standards. *Id.* at 678. The factors weigh against the appellant.

The trial in this case had concluded before *Paulson* was decided. As noted above, it was mandatory at that time for the trial court to include the *Geesa* instruction. The trial court relied on the mandatory inclusion of the *Geesa* instruction.

Moreover, if *Paulson* were applied retroactively, it would call for the reversal of

---

1. The grounds for review are:
   1. The Court of Appeals erroneously concluded that, for jury trials held prior to the issuance of this Court's opinion in *Paulson,* it was reversible error to have included a *Geesa* instruction in the jury charge.

2. The Court of Appeals erred in retroactively applying *Paulson* without conducting an analysis under *Stovall v. Denno*.
3. The Court of Appeals erred in reversing a criminal conviction without conducting a harm analysis.

hundreds, maybe thousands, of convictions that were properly tried in compliance with the law in effect at the time of trial. In *Paulson*, we concluded that the *Geesa* instruction was redundant, confusing and logically flawed. Therefore, we decided that the better practice would be to give each party a choice in whether to have the *Geesa* instruction included in the jury charge.

This case was properly tried in compliance with the law in effect at the time of trial. The holding in *Paulson* is not to be applied retroactively to the inclusion of the *Geesa* instruction. The judgment of the Court of Appeals is reversed and the case is remanded to that Court for resolution of the remaining point of error.

WOMACK, J., concurred in the result.