r00403.cp1











NUMBERS 13-00-403-CR & 13-00-404-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DERORY DEWAYNE COLBERT, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 4th District Court of Dallas County, Texas.


 


MEMORANDUM OPINION ON REMAND



Before Chief Justice Valdez and Justices Yañez and Castillo


Opinion by Justice Yañez


 


 In our original opinion in this case, issued on August 31, 2001, we reversed
appellant's convictions, holding that the trial court committed reversible error by including
a Geesa instruction (1) in the jury charge. See Colbert v. State, 56 S.W.3d 857, 860 (Tex.
App.-Corpus Christi 2001), rev'd, 108 S.W.3d 316 (Tex. Crim. App. 2003). The Texas
Court of Criminal Appeals reversed our judgment and remanded the case to us for
consideration of appellant's remaining point of error. See Colbert, 108 S.W.3d at 316. We
affirm. 

 In his remaining point of error, appellant contends that the trial court erred by 
including in its charge the mandatory language of article 37.07, section 4(a) of the code
of criminal procedure, informing the jury of the existence and mechanics of parole law and
good-conduct time. See Tex. Code Crim. Proc. Ann. art. 37.07 § 4(a) (Vernon Supp.
2003). Appellant admits he did not object to the instruction because such an objection
would have been overruled on the basis that the instruction was statutorily required. 
Appellant nonetheless argues that the instruction is "a sham" because the jury is told how
the parole law will be applied to a particular defendant, but also told that it may not
consider the law in assessing the sentence. We reject appellant's argument.

 The instruction informing the jury of the existence and mechanics of parole law and
good-conduct time is mandatory. See id. The charge is universally applicable to all non-capital felonies listed in article 42.12, section 3g(a)(1) of the Texas Code of Criminal
Procedure. Id.; see Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a) (Vernon Supp. 2003). 
It is undisputed that appellant was found guilty of offenses listed in article 42.12, section
3g(a), and the instruction was therefore required. See Tex. Code Crim. Proc. Ann. art.
42.12, § 3g(a) (Vernon Supp. 2003).

 We hold that the trial court was bound to comply with the mandatory instruction
required by article 37.07, section 4(a). Tex. Code Crim. Proc. Ann. art. 37.07 § 4(a)
(Vernon Supp. 2003). Accordingly, it did not err in submitting the instruction.

 We overrule appellant's sole remaining point of error and AFFIRM the trial court's
judgment. 


 

 LINDA REYNA YAÑEZ

 Justice





Do not publish. Tex. R. App. P. 47.2(b).


Opinion delivered and filed this the

29th day of August, 2003.

 
1. See Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991).