NO. 07-04-0070-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 3, 2004


______________________________



JAMES RICHARD RICHIE, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 47,724-D; HON. DON EMERSON, PRESIDING


_______________________________





Memorandum Opinion


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Appellant James Richard Richie appeals his conviction for murder in two issues. 
Both involve the jury charge. Through the first, he contends that the trial court erred in the
way it defined the mens rea applicable to murder. That is, the abstract definition submitted
to the jury referred to the defendant's acting intentionally or knowingly with regard to both 
his conduct and its result. This was purportedly wrong. Through the second issue,
appellant questions the accuracy of the jury instruction encompassing manslaughter. That
crime involves one recklessly causing the death of another. And, since one may be
reckless with respect to either the circumstances surrounding his conduct or the result of
his conduct, the trial court was obligated to include within its instruction reference to the
accused's mind set viz both of those alternatives, according to appellant. By failing to do
so here, it purportedly erred. We affirm the judgment. 

Issue One - Charge on Murder 


 One commits murder by intentionally and knowingly causing the death of an
individual. Tex. Pen. Code Ann. §19.02(b)(1) (Vernon 2003). Being so defined, murder
is known as a "result of conduct offense." Schroeder v. State, 123 S.W.3d 398, 400 (Tex.
Crim. App. 2003); Medina v. State, 7 S.W.3d 633, 639 (Tex. Crim. App. 1999), cert.
denied, 529 U.S. 1102, 120 S.Ct. 1840, 146 L.Ed.2d 782 (2000); Cook v. State, 884
S.W.2d 485, 491 (Tex. Crim. App. 1994). That is, the statute requires the accused to have
had a particular mind set (i.e. either intentional or knowing) viz the prohibited result. Given
this, it is error to inform the jury that it can convict one of the offense if it finds that the
accused acted either intentionally or knowingly with regard to the conduct that ultimately
lead to the result. Medina v. State, 7 S.W.3d at 639-40. And, the State concedes as much
here.

 So too does the State concede that the abstract definitions of "intentionally" and
"knowingly" provided by the trial court in the charge at bar included references to the mind
set of the accused in both undertaking the conduct that resulted in death and in causing
the death itself. Yet, appellant did not object to the mistake. Furthermore, in the
application paragraph of the charge (wherein the elements of murder were applied to the
particular accusation against appellant), the trial court simply alluded to appellant's mens
rea when purportedly causing the death of Kathy Snelson. (1) In such situations, the Texas
Court of Criminal Appeals has held the error does not warrant reversal. See Medina v.
State, 7 S.W.3d at 640 (holding that when the application paragraph correctly instructs the
jury on the correct mens rea and the accused did not object to the mistake contained in the
abstract definitional paragraph, then the error is not egregious or subject to reversal). 
Consequently, we overrule the first issue.

Issue Two - Charge on Recklessness


 As previously mentioned, one commits manslaughter if he recklessly causes the
death of an individual. Tex. Pen. Code Ann. §19.04(a) (Vernon 2003). As can be seen,
the mens rea involved is one of recklessness. And, while, according to the statutory
definition of reckless, one may be reckless regarding the circumstances surrounding his
conduct or the result of his conduct, id. §6.03(c), the crime defined in §19.04(a) simply
encompasses recklessness viz the result of the accused's conduct. In other words, the
legislature, in defining manslaughter, was not concerned with whether the accused was
aware of the circumstances surrounding his conduct but rather with whether his conduct
resulted in death. So, a trial court, when charging the jury on manslaughter, is not
obligated to instruct the jury on both ways in which one can be reckless. Brown v. State,
91 S.W.3d 353, 359-60 (Tex. App.-Eastland 2002, no pet.). 

 That article 21.15 of the Texas Code of Criminal Procedure directs the State to
plead the acts comprising the reckless conduct does not affect our decision. See Tex.
Code Crim. Proc. Ann. art. 21.15 (Vernon 1989) (stating that when recklessness enters
into or is a part or element of any offense, or it is charged that the accused acted recklessly
in committing an offense, "the complaint, information, or indictment . . . must allege, with
reasonable certainty, the act or acts relied upon to constitute recklessness . . . and in no
event shall it be sufficient to allege merely that the accused, in committing the offense,
acted recklessly . . . ."). It is one thing for the statute to obligate the State to plead various
acts; it is another to require the State to plead that someone performed those acts with a
particular mind set. Article 21.15, as illustrated by its plain language, mandates the former,
not the latter. And, we choose to read it as written by the Texas Legislature and forego
imputing into it elements that are absent. Consequently, we also overrule issue two.

 The judgment of the trial court is affirmed.


 Brian Quinn

 Justice


Publish.

 
1. The application paragraph read:


 Now, if you find from the evidence beyond a reasonable doubt that on or
about June 19, 2003 in Potter County, Texas, the Defendant, . . . did then
and there intentionally and knowingly cause the death of an individual,
namely KATHY SUE SNELSON, by cutting her with a deadly weapon, to wit:
a knife that in the manner of its use or intended use was capable of causing
death or serious bodily injury, you will find the defendant guilty of murder.


 (Emphasis added).